**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:   415.434.4484
FACSIMILE:   415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents And Counter-Petitioners
Stanford Hospital & Clinics
and Lucile Packard Children's Hospital

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Petitioner and counter-respondent,<br><br>vs.<br><br>STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Respondents and counter-petitioners. | Case No: 5:08-CV-0213 JF<br><br>**NOTICE OF ERRATA REGARDING ANSWER AND COUNTER-PETITION TO VACATE ARBITRATION AWARD**<br><br>Judge:   Hon. Jeremy Fogel |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Answer And Counter-Petition To Vacate Arbitration Award, filed by Stanford Hospital & Clinics and Lucile Packard Children's Hospital (the "Hospitals") on March 6, 2008 is hereby being revised to correct inadvertent typing errors contained in the filed document.

///

///

///

1  The corrections to the Answer and Counter-Petition are as follows. Corrected portions
2  are indicated by **emphasis**.

3  • The Third Affirmative Defense at page 4, line 12 states, "As a third affirmative defense,
4  the Hospitals assert that the Petition, and each and every cause of action therein, fails, and
5  is barred, because Local 715 is not a labor organization within the meaning of 29 U.S.C.
6  1337." The corrected sentence should read, "As a third affirmative defense, the Hospitals
7  assert that the Petition, and each and every cause of action therein, fails, and is barred,
8  because Local 715 is not a labor organization within the meaning of 29 U.S.C. **§ 152**
9  **and/or 185**."

11 • The Tenth Affirmative Defense at page 6, line 2 states, "As a ninth affirmative defense,
12 the Hospitals reserve the right to subsequently assert and add affirmative defenses to the
13 Petition, and the part and/or whole thereof, as they become known to the Hospitals." The
14 sentence should read, "As a **tenth** affirmative defense, the Hospitals reserve the right to
15 subsequently assert and add affirmative defenses to the Petition, and the part and/or
16 whole thereof, as they become known to the Hospitals."

17 • Paragraph 3 of the Counter Petition To Vacate Arbitration Award at page 6, line 24
18 states, "In its Petition To Conform Arbitration Award, filed on or around January 11,
19 2008, Local 715 alleged that it is a labor organization within the meaning of 29 U.S.C.
20 1337." The corrected sentence should read, "In its Petition To Conform Arbitration
21 Award, filed on or around January 11, 2008, Local 715 alleged that it is a labor
22 organization within the meaning of 29 U.S.C. § 1**52**.

23 ///
24 ///
25 ///
26 ///
27 ///
28

The changes, as indicated above, have been incorporated in the Answer And Counter-Petition To Vacate [Corrected], which is being filed concurrently herewith.

Dated: March 27, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R RIDLEY
SCOTT P. INCIARDI

By: _____
EILEEN R. RIDLEY
Attorneys for Respondents and Counter-Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital

**EXHIBIT A**

1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:  415.434.4484
   FACSIMILE:  415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for Respondents and Counter-Petitioners
5  Stanford Hospital & Clinics and
   Lucile Packard Children's Hospital

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715, | Case No: 5:08-CV-00213-JF |
|---|---|
| Petitioner and Counter-Respondent, | **ANSWER AND COUNTER-PETITION TO VACATE ARBITRATION AWARD [CORRECTED]** |
| v. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL, | [§ 301 OF THE LABOR MANAGEMENT RELATIONS ACT, 29 U.S.C. § 185] |
| Respondents and Counter-Petitioners. | |

Respondents and Counter-Petitioners Stanford Hospitals & Clinics and Lucile Packard Children's Hospital (collectively the "Hospitals") hereby answer the Petition To Confirm Arbitration Award (the "Petition") filed by Petitioner Service Employees International Union, Local 715 ("Local 715") and petition this Court for an order vacating the Opinion And Decision (the "Award") of arbitrator Thomas Angelo (the "Arbitrator") issued in the arbitration between the Hospitals and Local 715 on November 30, 2007.

///

///

# ANSWER

1. Answering paragraph 1 of the Petition, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

2. Answering paragraph 2 of the Petition, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

3. Answering paragraph 3 of the Petition, the Hospitals admit the allegations contained in said paragraph.

4. Answering paragraph 4 of the Petition, the Hospitals admit that they are signatory to a collective bargaining agreement with "Service Employees International Union, Local 715" (the "Agreement") and that the effective dates of the Agreement are January 20, 2006 through November 4, 2008. The Hospitals further admit that Exhibit A to the Petition is a true and correct copy of the Agreement. Except as so expressly admitted, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

5. Answering paragraph 5 of the Petition, the Hospitals aver that the Agreement speaks for itself. Except as so averred, the Hospitals deny each and every allegation contained in said paragraph.

6. Answering paragraph 6 of the Petition, the Hospitals admit that a grievance was filed alleging that the Hospitals violated provisions of the Agreement when it discharged former bargaining unit member Victor Acosta, that the grievance was processed under the grievance procedure of the Agreement, and that Arbitrator Thomas Angelo was selected as arbitrator. Except as so expressly admitted, the Hospitals are without sufficient knowledge or information

as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

7. Answering paragraph 7 of the Petition, the Hospitals admit that a hearing was held before the Arbitrator on November 28, 2007 and that on November 30, 2007 the Arbitrator issued the Award. The Hospitals admit that Exhibit B to the Petition is a true and correct copy of the Award. The Hospitals aver that the Award speaks for itself. Except as so expressly admitted and averred, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

8. Answering paragraph 8 of the Petition, the Hospitals admit that demand has been made of them to comply with the Award, and that they have refused to comply with the Award. Except as so expressly admitted, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

9. Answering paragraph 9 of the Petition, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

10. Answering paragraph 10 of the Petition, the Hospitals deny that their refusal to comply with the Award is unjustified and/or in bad faith. Except as so expressly denied, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

11. The Hospitals deny that the relief prayed for by Local 715 should be awarded.

///

///

3
ANSWER AND COUNTER-PETITION TO VACATE ARBITRATION AWARD [CORRECTED]
CASE NO: 5:08-CV-00213-JF

SFCA_1247485.1

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

As a first affirmative defense, the Hospitals assert that the Petition, and each and every cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action upon which relief can be granted against the Hospitals.

## SECOND AFFIRMATIVE DEFENSE

### (LACK OF STANDING)

As a second affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, is barred on the grounds that Local 715 lacks standing to assert such claims.

## THIRD AFFIRMATIVE DEFENSE

### (LACK OF LABOR ORGANIZATION STATUS)

As a third affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, fails, and is barred, because Local 715 is not a labor organization within the meaning of 29 U.S.C. § 152 and/or 185.

## FOURTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

As a fourth affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (ARBITRABILITY)

As a fifth affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, fails because the Award decided issues that were not arbitrable under the Agreement.

///

///

### SIXTH AFFIRMATIVE DEFENSE
### (AWARD INVALID)

As a sixth affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, fails because the Award failed to draw its essence from the Agreement and did not represent a plausible interpretation of the Agreement.

### SEVENTH AFFIRMATIVE DEFENSE
### (AWARD EXCEEDED SUBMITTED ISSUES)

As a seventh affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, fails because the Award exceeded the issues that were submitted to the Arbitrator for decision.

### EIGHTH AFFIRMATIVE DEFENSE
### (CONFLICT WITH NLRB DECISIONS)

As a eighth affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, fails because the Award and the relief sought by Local 715 conflicts with the decision of the National Labor Relations Board in Case No. 32-RC-4504, as modified in Case No. 32-UC-363.

### NINTH AFFIRMATIVE DEFENSE
### (NLRB JURISDICTION)

As a tenth affirmative defense, the Hospitals assert that the Petition and each and every cause of action therein, fails because the issues of whether Local 715 continues to exist as a labor organization within the meaning of the National Labor Relations Act and/or the Labor Management Relations Act, whether it remains a party to the Agreement, whether the servicing agreement between Local 715 and UHW is valid and enforceable, and whether the Weinberg Firm is a valid representative of Local 715, are all issues which determine whether the Hospitals are required to arbitrate grievances with Local 715 under the Agreement, and if so, with what representatives of Local 715. Each of these issues involves questions concerning representation subject to the exclusive jurisdiction of the National Labor Relations Board to be determined by

that agency.

## TENTH AFFIRMATIVE DEFENSE

### (RESERVATION OF AFFIRMATIVE DEFENSES)

As a ninth affirmative defense, the Hospitals reserve the right to subsequently assert and add affirmative defenses to the Petition, and the part and/or whole thereof, as they become known to the Hospitals.

## COUNTER-PETITION TO VACATE ARBITRATION AWARD

By this Counter-Petition, the Hospitals allege:

**I.   JURISDICTION**

1. To the extent that it may be established that Local 715 is a labor organization, this Counter-Petition arises under, and jurisdiction is conferred on this Court by virtue of, Section 301 of the Labor-Management Relations Act of 1947 (hereinafter "Section 301"). 29 U.S.C. § 185. Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (bracketed material supplied).

2. The Hospitals are California non-profit, public benefit corporations, having their principal offices and places of business in Stanford, California and Palo Alto, California within the territorial jurisdiction of this Court, and are employers in an industry affecting commerce within the meaning of Section 301.

3. In its Petition To Conform Arbitration Award, filed on or around January 11, 2008, Local 715 alleged that it is a labor organization within the meaning of 29 U.S.C. § 152.

///

## II. THE COLLECTIVE BARGAINING AGREEMENT

4.  The Hospitals are signatory to a collective bargaining agreement (the "Agreement"), with "Service Employees International Union, Local 715".

5.  According to its terms, the Agreement is effective between January 20, 2006 through November 4, 2008 and covers certain employees of the Hospitals (the "Bargaining Unit") as defined in Article 1.3.1 of the Agreement.

6.  Article 1 of the Agreement contains a "recognition clause" in which the Hospitals recognized Local 715 as the "sole and exclusive bargaining representative for the purpose of collective bargaining" of the Bargaining Unit.

7.  The Hospitals recognized Local 715 as the sole and exclusive bargaining representative for purposes of collective bargaining of the bargaining unit pursuant to an order issued by the National Labor Relations Board (the "NLRB" or "Board") in Case No. 32-RC-4504, as modified in Case No. 32-UC-363, true and correct copies of which are attached as Exhibits A and B.

8.  Article 26 of the Agreement sets forth a procedure for processing and adjusting grievances culminating in arbitration. Article 26.1.1 defines a "grievance" as "a claim during the term of this Agreement that the Employer has violated this Agreement . . ." Article 26.7.3 of the Agreement provides that, in the event that a grievance is taken to arbitration, "[t]he arbitrator's authority will be limited to interpreting the specific provisions of this Agreement and will have no power to add to, subtract from, or to change any part of the terms or conditions of this Agreement." Article 26.7.10 further provides that "[t]he arbitrator's authority will be limited to determining whether the Employer has violated the provision(s) of this Agreement. The arbitrator will not have jurisdiction or authority to add to, amend, modify, nullify, or ignore in any way the provisions of this Agreement, and will not make any award that would, in effect, grant the Union or the employee(s) any matters that were not obtained in the negotiation

process."

9. Article 28 of the Agreement is titled "waiver" and states in relevant part that "[t]he Employer and the Union, for the life of this Agreement, each voluntarily and unqualifiedly waives the right, and each agrees that the other will not be obligated to bargain collectively with respect to any subject or matter referred to, or covered in this Agreement, or with respect to any subject or matter not specifically referred to or covered by this Agreement, even though such subject or matter may not have been within the knowledge or contemplation of either or both of the parties at the time they negotiated or signed the Agreement."

### III. THE "SERVICING AGREEMENT" AND THE REPRESENTATION OF SEIU LOCAL 715

10. In or around February, 2006, Local 715 and Service Employees International Union, United Healthcare Workers – West ("UHW") executed a document titled "Servicing Agreement" (the "Servicing Agreement"). The Servicing Agreement provided that UHW's staff would provide certain services to Local 715 relating to its representation of the Bargaining Unit. Specifically, section 4 of the Servicing Agreement provides that UHW is to provide "professional services to Local 715 for its members at the Stanford facility" including "[r]epresentaiton in the grievance procedure and arbitration hearings."

11. Section 5 of the Servicing Agreement provides that "Should the Employer challenge or refuse to accept the legitimacy of this Servicing Agreement, the parties [Local 715 and UHW] will cooperate in processing the legal actions necessary to its enforcement. (This may include filing an unfair labor practice charge under the name of Local 715)." (Bracketed material supplied.)

12. On August 29, 2006, the Hospitals' attorney, Laurence R. Arnold, of the law firm Foley & Lardner LLP, sent a letter to the executive secretary of Local 715 notifying Local 715 that the Hospitals rejected the validity the Servicing Agreement, and would deal only with Local

715 and its authorized representatives, and not with representatives of UHW acting pursuant to the rejected Servicing Agreement.

13.  Beginning in or around early 2007, the Hospitals became aware of information representing that Local 715 had effectively ceased to exist and that its resources were transferred to another local, Local 521 as of March 1, 2007.

14.  In response to learning the above information, the Hospitals made multiple written requests of Local 715 seeking information relating to whether Local 715 continued to exist and, if so, the nature of its continued existence. Although it was legally required to respond to such requests under the National Labor Relations Act, Local 715 failed to provide the requested information.

15.  On or around April 16, 2007 the Hospitals filed a charge designated case number 32-CB-6237 with Region 32 of the National Labor Relations Board alleging that Local 715 was in violation of the National Labor Relations Act by its refusal to respond to the Hospitals' information requests.

16.  By a letter dated June 14, 2007 from Bruce W. "Rusty" Smith, the Hospitals were informed that the International President of the Service Employees International Union took control of Local 715, and placed it under trusteeship, with Mr. Smith acting as trustee (the "Trustee") effective June 8, 2007.

17.  On June 18, 2007, Mr. Arnold had a telephone conversation with Barbara J. Chisholm of the law firm Altshuler Berzon LLP (the "Altshuler Firm"). During the telephone conversation, Ms. Chisholm informed Mr. Arnold that she and her firm represented Local 715 through the Trustee, in place of the law firm Weinberg, Roger, and Rosenfeld (the "Weinberg Firm"), which had formerly represented Local 715. The content of this conversation was confirmed in a letter sent by Mr. Arnold to Ms. Chisholm dated June 18, 2007.

18.  By a letter dated August 1, 2007 addressed to Ms. Chisholm, Mr. Arnold, having received no response to the Hospitals' earlier information requests, requested additional information from Local 715 in light of the appointment of the Trustee, including information concerning employees, officers, and assets of Local 715. The Hospitals received no response to this information request.

19.  Since June 18, 2007, notwithstanding Ms. Chisholm's representation that she and the Altshuler Firm represented Local 715, neither she, nor the Altshuler Firm has appeared in any matters involving Local 715 and the Hospitals. Instead, all such appearances have been made by the Weinberg Firm.

20.  By a letter dated August 24, 2007, Mr. Arnold requested that Ms. Chisholm inform the Hospitals "whether Altshuler Berzon LLP represents SEIU Local 715, and, if so, whether Weinberg, Roger & Rosenfeld is providing representation for SEIU-UHW under the "Service Agreement" entered into between UHW and SEIU, Local 715."

21.  Having received no response from Ms. Chisholm, Mr. Arnold sent a second letter dated October 5, 2007 requesting that Ms. Chisholm respond to the August 24, 2007 letter.

22.  By a letter dated October 9, 2007, Ms. Chisholm advised that she would not respond to the August 24, 2007 letter, which requested clarification of the nature of the legal representation provided by the Weinberg Firm.

23.  By a letter dated October 16, 2007, Mr. Arnold requested that Ms. Chisholm forward the August 24, 2007 letter to the Trustee for reply. Mr. Arnold further informed Ms. Chisholm that, absent a response from the Altshuler Firm or the Trustee clarifying whether the Weinberg Firm was representing Local 715 directly, or whether it was representing UHW and providing services to Local 715 pursuant to the rejected Servicing Agreement, the Hospitals would conclude that the latter was the case, and would refuse to select arbitrators with the

Weinberg Firm or go forward on the record in any arbitration proceeding in which the Weinberg Firm appeared unless and until the Hospitals received assurances that the Weinberg Firm was not providing services pursuant to the rejected Servicing Agreement, but rather was appearing directly on behalf of Local 715.

24. On or around October 17, 2007, the Hospitals filed charges designated case numbers 32-CB-6350 and 32-CB-6351 with Region 32 of the National Labor Relations Board alleging that Local 715 was in violation of the National Labor Relations Act by its refusal to respond to the Hospitals' information requests pertaining to the nature of the Weinberg Firm's representation of Local 715 and the Hospitals' continuing information requests concerning Local 715 continuing viability.

25. By a letter dated November 9, 2007, Mr. Arnold reiterated his request for clarification as to the representation provided by the Weinberg Firm directly to the Trustee. The Trustee did not respond to Mr. Arnold's inquiry.

26. On or around February 28, 2008, Region 32 issued a complaint against Local 715 for failing to respond to the Hospitals' information requests based upon the three (3) above-referenced charges, which complaint is presently pending. A hearing on the complaint has been scheduled for May 6, 2008.

IV. **THE GRIEVANCE AND ARBITRATION PROCEEDINGS**

27. On or around March 17, 2007, a grievance (the "Grievance") was filed purportedly by Local 715 pursuant to the grievance and arbitration provisions of the Agreement.

28. The Grievance was filed on behalf of Victor Acosta, a former employee of the Hospitals whose employment was terminated on or around March 14, 2007, and alleged that his termination violated the Agreement, and specifically its "just cause" requirement.

///

11
ANSWER AND COUNTER-PETITION TO VACATE ARBITRATION AWARD [CORRECTED]
CASE NO: 5:08-CV-00213-JF

29. On or around May 16, 2007, Thomas Angelo was selected to act as arbitrator with respect to the Grievance.

30. By a letter dated June 26, 2007, Mr. Arnold informed the Arbitrator that the Weinberg Firm was no longer representing Local 715, and that Local 715's new counsel was Ms. Chisholm and the Altshuler Firm. A copy of this letter was sent to Ms. Chisholm.

31. An arbitration hearing was scheduled for November 28, 2007. Mr. Arnold appeared at the hearing on behalf of the Hospitals. W. Daniel Boone of the Weinberg Firm appeared along with Myriam Escamilla purportedly on behalf of Local 715.

32. Myriam Escamilla was at all times relevant an employee of UHW, and was not an employee of Local 715.

33. During the hearing, Mr. Boone specifically refused to state whether he was appearing on behalf of Local 715 directly, or whether he was appearing pursuant to the rejected Servicing Agreement.

34. During the hearing, the Hospitals specifically stated, and the Arbitrator agreed, that the Arbitrator had no authority to issue a decision as to the validity of the Servicing Agreement, and that such issues were not submitted to him.

35. During the hearing, and over the Hospitals' objections, the Arbitrator determined that Myriam Escamilla was a representative of Local 715, and that Mr. Boone was appearing on behalf of Local 715, that Ms. Escamilla did not object to Mr. Boone's appearance, and indicated that he would proceed to the merits of the Grievance. The Hospitals requested a stay of the proceedings, which was denied. The Hospitals refused to participate and the hearing continued *ex parte*.

///

36. On November 30, 2007, the Arbitrator issued the Award which was titled "Decision and Award."

37. In the Award, the Arbitrator, based upon his determination that Myriam Escamilla was a representative of Local 715 and had not objected to Mr. Boone's appearance, concluded that Mr. Boone had appeared at the hearing on behalf of Local 715, denied the Hospitals' request for a stay, and upheld the Grievance.

## V. GROUNDS FOR VACATUR

38. Pursuant to Section 301 of the Labor-Management Relations Act, the Court should vacate the Award on the following grounds:

39. The Award decided issues that were not arbitrable under the Agreement.

40. The Award failed to draw its essence from the Agreement and did not represent a plausible interpretation of the Agreement.

41. The Award exceeded the issues that were submitted for decision.

42. The Award conflicts with the NLRB's decision in Case No. 32-RC-4504, as modified in Case No. 32-UC-363.

43. The issues of whether Local 715 continues to exist as a labor organization within the meaning of the National Labor Relations Act and/or the Labor Management Relations Act, whether it remains a party to the Agreement, whether the servicing agreement between Local 715 and UHW is valid and enforceable, and whether the Weinberg Firm is a valid representative of Local 715, are all issues which determine whether the Hospitals are required to arbitrate grievances with Local 715 under the Agreement, and if so, with what representatives of Local 715. Each of these issues involves questions concerning representation subject to the exclusive jurisdiction of the National Labor Relations Board, to be determined by that agency.

SFCA_1247485.1

## VI. PRAYER FOR RELIEF

44. WHEREFORE, the Hospitals pray that this Court issue an order vacating the Award rendered by the Arbitrator on November 30, 2007, and staying further arbitration proceedings until such time as the representative status of Local 715, the validity of the Servicing Agreement, and the status and capacity of the Weinberg Firm are resolved by the agency with exclusive jurisdiction to do so, that this Court award the Hospitals their costs incurred in this proceeding, and that this Court award such other and further relief that this Court deems proper.

Dated: March 27, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI

By: _____
EILEEN R. RIDLEY
Attorneys for Respondents and Counter-Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital

14
ANSWER AND COUNTER-PETITION TO VACATE ARBITRATION AWARD [CORRECTED]
CASE NO: 5:08-CV-00213-JF

SFCA_1247485.1