1

**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

2

3

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814

4

Attorneys for STANFORD HOSPITAL & CLINICS and

5

LUCILE PACKARD CHILDREN'S HOSPITAL

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **NORTHERN DISTRICT OF CALIFORNIA**

10

11   STANFORD HOSPITAL & CLINICS and         Case No:  5:07-CV-05158-JF
     LUCILE PACKARD CHILDREN'S
12   HOSPITAL,

13              Petitioners,                 **STANFORD HOSPITAL & CLINICS
                                             and LUCILE PACKARD
14        vs.                                CHILDREN'S HOSPITAL'S
                                             MOTION TO CONTINUE
15   SERVICE EMPLOYEES                       DEADLINE TO FILE/HEAR
     INTERNATIONAL UNION, LOCAL 715,         DISPOSITIVE MOTIONS**
16                                           [Local Rules 6-1 and 6-3]
                Respondent.
17

18

19                                          Judge:        Hon. Jeremy Fogel

20   SERVICE EMPLOYEES                      Case No:  5:08-CV-00213-JF
     INTERNATIONAL UNION, LOCAL 715
21

22              Petitioner and Counter-
                Respondent,
23
          vs.
24
     STANFORD HOSPITAL & CLINICS and
25   LUCILE PACKARD CHILDREN'S
     HOSPITAL
26
                Respondents and Counter-
27              Petitioners.               Judge:        Hon. Jeremy Fogel

28
     _____
       **HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
            CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
               5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00215-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:        Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00216-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:        Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01726-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:        Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01727-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:        Hon. Jeremy Fogel |

2

SFCA_1421332.2

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE**

**TAKE NOTICE THAT** Petitioners and Respondents STANFORD HOSPITAL &

CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL (the "HOSPITALS")

hereby move this Court (presided over by the Hon. Jeremy Fogel), pursuant to U.S.

District Court – Northern District of California's Civil Local Rules ("Local Rules") 6-1

and 6-3, for an order continuing the date to file and hear dispositive motions in the above-

referenced actions (the "Actions").  The HOSPITALS' motion is based upon this Notice

of Motion and Motion, the accompanying Memorandum of Points and Authorities, the

supporting Declaration of Eileen R. Ridley, the pleadings and records on file in these

Actions, and such other evidence as may be presented to the Court.

## MOTION

### A.    Factual Background

This Court conducted a Case Management Conference on April 25, 2008 for each

of the Actions.  During that proceeding, the Court set the date for dispositive motions and

required opening briefs to be filed on July 18, 2008.  The Court also permitted the

HOSPITALS to conduct discovery regarding the existence of Petitioner and Respondent,

SERVICE EMPLOYEES INTERNATIONAL UNION ("SEIU"), Local 715 (herein

referred to as "SEIU-Local 715" or "Local 715"), its representative capacity, and the

handling of its resources.  *See,* Transcript of Case Management Conference attached as

Exhibit "A" to Declaration of Eileen R. Ridley In Support of Motion To Continue

Deadline To File/Hear Dispositive Motions ("Ridley Decl.") [Dkt. 40].  Within twelve

working days of the Case Management Conference, the HOSPITALS served their

requests for production to SEIU-Local 715 in each of the Actions and also issued

subpoenas to the International, SEIU – Local 521, and SEIU-UHW.  *See,* Ridley Decl.

¶¶3-4, pp. 3-4 and Exhibits "B" – "C" thereto.  In addition, the HOSPITALS noticed the

depositions of five (5) specific witnesses who retain information related to the issues

SFCA_1421332.2

which are the subject of discovery – including the President of the International who placed Local 715 in trusteeship and the trustee of Local 715. These depositions were set to follow the production of documents required from the requests for production and subpoenas. *See*, Ridley Decl. ¶¶3-10, pp. 3-5 and Exhibits "B" – "J" thereto. Counsel for SEIU-Local 715 also represents two of the other entities who were served with subpoenas – SEIU –UHW and SEIU-Local 521. *See*, Ridley Decl. ¶6, p. 4 and Exhibit "E" thereto. After receiving extensions to respond to the discovery requests, and in a concerted strategy to stonewall all discovery requests in an effort to improperly prejudice the HOSPITALS' ability to present a complete dispositive motion in the Actions, each of counsel's clients (*i.e.*, Local 715, UHW and Local 521) have objected to the discovery demands, refused to produce documents, and refused to produce witnesses. *See*, Ridley Decl. ¶¶ 3-13, pp. 3-7 and Exhibits "B" – "N" thereto. The HOSPITALS are in the process of conferring with counsel for Local 715 (and the other union entities) with an eye toward resolving these issues but, if the issues cannot be resolved, the HOSPITALS plan to file a motion to compel production of documents and witnesses next week. *See*, Ridley Decl. ¶14, pp 6-7. In the meantime, the HOSPITALS requested Local 715 agree to stipulate to continue the dates to file and hear dispositive motions in the case. Local 715 has rejected this request. *See*, Ridley Decl. ¶ 12, pp. 5-6.

**B.    The HOSPITALS Will Be Prejudiced If the Hearing and Filing Deadlines For Dispositive Motions Are Not Continued**

The HOSPITALS are not requesting this Court resolve the pending discovery disputes by way of this motion (separate motions to compel discovery will be presented to the magistrate next week if necessary). However, the HOSPITALS will be severely prejudiced if they are required to file dispositive motions prior to the completion of discovery pending in the Actions. The discovery requests served by the HOSPITALS were specifically tailored to the area of discovery permitted by the Court. Moreover, the depositions sought by the HOSPITAL were focused on a small number of people who

SFCA_1421332.2

have relevant evidence to provide to this matter – *e.g.*, Andrew Stern the president of the International who placed Local 715 into trusteeship, Bruce Smith – the trustee of Local 715 whom counsel refused to produce, representatives of Local 521 who received information regarding Local 715 funds, and representatives of UHW who were involved in operations of the Servicing Agreement between UHW and Local 715.  *See*, Ridley Decl. ¶¶ 8-10, pp. 4-5 and Exhibits "H" – "J".  Counsel's initial reaction to each discovery request was to object and refuse to substantively respond characterizing the requests as "harassing".  *See*, Ridley Decl. ¶¶ 6-14, pp.  4-7.  This is part of an established pattern and practice of Local 715 to evade providing substantive discovery responses.[1]  Only last evening has counsel for Local 715 provided possible dates for depositions of the witnesses – all of which are on the eve of the present filing deadline for dispositive motions.  *See*, Ridley Decl. ¶¶8-12, pp. 4-5 and Exhibits "H" – "M".  If the HOSPITALS are not permitted to complete the pending discovery processes prior to the filing of dispositive motions, their defense in these matters will be severely hampered as the relevant facts of the cases will not have been fully established.  No prejudice to Local 715 will be suffered given that there is no pending trial date in the Actions and it is Local 715's actions (as well as their counsel's) which have caused the need for the requested continuance.  *See*, Ridley Decl. ¶¶2-14, pp. 3-7 and Exhibits "A" – "N" thereto.

## C.     Local Rules 6-1 and 6-3 Permit The Requested Continuance

Local Rules 6-1 and 6-3 permit this Court to continue the date for hearing on dispositive motions as well as the deadline to file opening briefs for such motions.  As the HOSPITALS have acted diligently to conduct discovery, have been met with a coordinated effort by Local 715 and its counsel to stall discovery, and would be prejudiced if the present motion were denied, this Court should continue both the hearing

---

[1] Indeed, in a similar tactic, Local 715 brought a complaint before the NLRB against the Hospitals but that complaint was terminated based upon Local 715's refusal to provide relevant information regarding itself.  *See*, Ridley Decl. ¶ 13, p.  6 and Exhibit "N" thereto.

SFCA_1421332.2

1  and filing dates for dispositive motions so that the pending discovery disputes can be

2  resolved and the discovery completed.  The HOSPITALS anticipate that such activities

3  should be completed within ninety (90) days.  Moreover, there is no prejudice to Local

4  715 as this is the first request for a continuance and the continuance will not affect any

5  other court deadline (especially since there is no set trial date).  Moreover, as it is Local

6  715's and its counsel's actions which have delayed discovery, they cannot now claim to

7  be prejudiced by the continuance requested.  *See*, Ridley Decl. ¶13, pp. 6 and Exhibit "N"

8  thereto.

9  **D.    Conclusion**

10  For the foregoing reasons, the HOSPITALS request that the Court continue the

11  hearing and filing deadlines associated with dispositive motions in the Actions for at least

12  ninety (90) days.

13

14  Dated:  July 2, 2008                        FOLEY & LARDNER LLP
                                                LAURENCE R. ARNOLD
15                                              EILEEN R. RIDLEY
                                                SCOTT P. INCIARDI
16

17

18                                              By: /s/_____
                                                    EILEEN R. RIDLEY
19                                                  Attorneys for STANFORD HOSPITAL &
                                                    CLINICS and LUCILE PACKARD
20                                                  CHILDREN'S HOSPITAL

21

22

23

24

25

26

27

28

**HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF