**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S HOSPITAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Petitioners,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Respondent. | Case No: 5:07-CV-05158-JF<br><br>STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW<br><br>Date:           August 27, 2008<br>Time:          9:30 A.M.<br>Dept:           Courtroom 4, 5th Floor<br><br>Judge:          Hon. Jeremy Fogel<br>Magis. Judge:   Hon. Richard Seeborg |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner and Counter-Respondent,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents and Counter-Petitioners. | Case No: 5:08-CV-00213-JF<br><br><br><br><br><br><br><br>Judge:          Hon. Jeremy Fogel |

STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO
COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422916.1

| | | |
|---|---|---|
| 1 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00215-JF |
| 2 | Petitioner, | |
| 3 | vs. | |
| 4 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 5 | | |
| 6 | Respondents. | Judge:    Hon. Jeremy Fogel |
| 7 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00216-JF |
| 8 | | |
| 9 | Petitioner, | |
| 10 | vs. | |
| 11 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 12 | | |
| 13 | Respondents. | Judge:    Hon. Jeremy Fogel |
| 14 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01726-JF |
| 15 | | |
| 16 | Petitioner, | |
| 17 | vs. | |
| 18 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 19 | | |
| 20 | Respondents. | Judge:    Hon. Jeremy Fogel |
| 21 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01727-JF |
| 22 | Petitioner, | |
| 23 | vs. | |
| 24 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 25 | | |
| 26 | Respondents. | Judge:    Hon. Jeremy Fogel |
| 27 | | |
| 28 | | |

2
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422916.1

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on August 27, 2008 at 9:30 AM or as soon thereafter as counsel may be heard in Courtroom Four on the Fifth Floor of the above entitled court, located at 280 South 1st Street, San Jose, CA 95113, Stanford Hospitals & Clinics and Lucille Packard Children's Hospital (collectively the "Hospitals") will bring on for hearing their Motion to Compel Responses To Discovery Subpoena Propounded to Service International Employees International Union, United Healthcare Workers – West ("UHW").

This motion is made on the grounds that UHW has failed to respond to subpoenas for business records served upon it by the Hospitals. This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Eileen R. Ridley, the records and pleadings on file herein, and upon such oral and documentary evidence as may be presented at the time of the hearing thereon.

# POINTS AND AUTHORITIES

## I.  INTRODUCTION

These actions, declared related in the Court's order of February 29, 2008, involve Stanford Hospital And Clinics and Lucile Packard Children's Hospital (the "Hospitals") and three locals of the Service Employees International Union ("SEIU") known as SEIU, Local 715 ("Local 715"), SEIU Local 521 ("Local 521") and SEIU, United Healthcare Workers – West ("UHW") (sometimes collectively the "Locals"). Local 715 is a party to each of the actions. Local 521 and UHW are not parties. After a case management conference on April 25, 2008 during which the Court specifically approved discovery into the existence, representation, and transactions of Local 715, the Hospitals issued requests for production of documents ("RFPs") to Local 715 and business records

3
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422916.1

subpoenas on Local 521 and UHW. UHW, after making procedurally and substantively improper objections, failed to respond to the subpoena.

As UHW has, without justification, completely failed to produce the subpoenaed documents, the Hospitals request that the Court order that UHW comply with the subpoenas. Furthermore, particularly given that the Locals are all represented by the same law firm, their conduct reflects a blatant and concerted attempt to "stonewall" the Hospitals, and the Hospitals request that the Court impose appropriate sanctions.

## II.   FACTUAL BACKGROUND

Each of these actions involves the Hospitals' obligation to arbitrate with Local 715 pursuant to a collective bargaining agreement (the "CBA") and/or to comply with arbitration awards purportedly issued pursuant to the CBA. The Hospitals have alleged that Local 715, certified as the exclusive bargaining representative of a bargaining unit of Hospital employees (the "Bargaining Unit") in 1998, has effectively ceased to exist, and that therefore there is no entity to act as petitioner in these actions and no party with whom the Hospitals have an obligation to arbitrate.[1] [Declaration Of Eileen Ridley In Support Of Motion ("Ridey Decl.") Exh. B-D.] The Hospitals also assert that the attorneys from the law firm of Weinberg Roger & Rosenfeld (the "Weinberg Firm" or "Weinberg") who have sought to participate in arbitration proceedings with the Hospitals do not actually represent Local 715, but instead are retained by UHW and are acting under the guise of an invalid servicing agreement (the "Servicing Agreement"). [Ridley Decl. Exh. B-D.]

On April 25, 2008, the Court held a case management conference. At the CMC, counsel for Local 715 argued that no discovery was necessary in the case. The Hospitals' counsel argued, however, that, due to the Hospitals' claims regarding the status of Local

---

[1] The Hospitals contend that Local 715 was merged into Local 521 and an improper attempt was made to merge or transfer the Hospitals' bargaining unit to UHW.

4
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422916.1

1  715, some discovery was necessary before dispositive motions could be filed.
2  Specifically, it was argued that discovery was necessary on the issues of Local 715's
3  continued existence, Local 715's resources, its capacity as representative of the
4  Bargaining Unit, and the legal representation provided to Local 715.  [Ridley Decl. Exh.
5  E (P. 4-5).]  The Court agreed and specifically approved discovery into these limited
6  areas.  [Ridley Decl. Exh. E (P. 13-14).]
7       Accordingly, on May 16, 2008, the Hospitals served on UHW a business records
8  subpoena.[2]  [Ridley Decl. Exh. L-Q.]  The document sought in the subpoena pertains to:
9  (1) the existence or non-existence of Local 715; (2) the representative status of Local 715
10  (3) the nature of the representation provided by Weinberg; and (4) the resources of Local
11  715 and the use and movement of those resources.
12      **A.**    **UHW "Objects" To The Subpoenas**
13       On May 29, 2008, Andrea Laiacona from the Weinberg Firm, on behalf of Local
14  521, faxed a letter to Eileen Ridley, counsel for the Hospitals purporting to object to the
15  subpoenas.  [Ridley Decl. Exh. Y.]  Ms. Laiacona objected that the subpoenas sought
16  information that was irrelevant, overbroad, unduly burdensome, privileged, and/or
17  confidential.  Ms. Laiacona's letter did not address any of the document requests
18  specifically, and, although privilege was raised, did not include a "privilege log."
19       On the same day, Ms. Ridley received a fax from William A. Sokol, another
20  attorney with the Weinberg Firm on behalf of UHW.  The content of the letter was
21  essentially identical to that of Ms. Laiacona's letter.[3]  [Ridley Decl. Exh. X.]

---

[2] Six sets of RFPs were served on Local 715, one in each of the six cases.  Likewise, identical subpoenas were served on Local 521 and UHW in all six cases.  The content of the RFPs and subpoenas were, however, identical, and the Hospitals indicated that, in the interest of efficiency, the responding parties could serve a single set of documents in response to the requests in all six cases.  [Ridley Decl. Exh. Z & AA]

[3] Both letters were actually signed by "BH" who Ms. Ridley took to be Bruce Harland, another Weinberg Attorney who has responded on behalf of Local 715.  [Ridley Decl. ¶ 10.]

5
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO
COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422916.1

On June 9, 2008, Ms. Ridley sent letters to Ms. Laiacona and Mr. Sokol responding to their "objections." Ms. Ridley informed Ms. Laiacona and Ms. Sokol that their objections were not well-taken, but offered to work with them in the event that they were concerned as to the volume of documents to be produced, or to address any other logistical and/or expense issues that might arise. [Ridley Decl. Exh. Z-AA.] Mr. Sokol, responded by claiming that the subpoenas were abusive and harassing. [Ridley Decl. Exh. BB.]

### B. UHW Fails To Respond To The Subpoena

Neither of the Locals responded to Ms. Ridley's May 9, 2008 letter before the deadline to respond to the subpoenas. [Ridley Decl. ¶ 13.] The responses of Local 521 and UHW to the subpoenas were due on June 18, 2008. However, neither local has provided any response to date. [Ridley Decl. ¶ 13.]

On June 26, 2006 – over a week after responses to the subpoenas were due – Ms. Laiacona sent a letter to Ms. Ridley responding to her letter of May 9, 2008. She stated that she was "reiterating" her position stated in her May 29, 2008 letter, asserted (incorrectly) that the Hospitals had conceded that Local 715 exists, and accused the Hospitals of propounding discovery in bad faith and for purposes of harassment. [Ridley Decl. Exh. CC.]

Ms. Ridley and her associate Scott Inciardi responded to these letters via fax on the evening of June 30, 2008, requesting that Ms. Laiacona and Mr. Sokol confirm that their clients would provide responses to the subpoenas to avoid the necessity of a motion to compel. [Ridley Decl. Exh. NN-OO.]

On July 9, 2008, Ms. Ridley and Mr. Harland met and conferred regarding outstanding discovery issues, including the responses of Local 521 and UHW to the subpoenas. Ms. Ridley outlined the Hospitals' position regarding the Locals' obligation to produce documents and requested again that Local 521 and UHW respond to the subpoenas. [Ridley Decl. ¶ 25 & Exh. WW.] The parties have, however, been unable to

6
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422916.1

resolve the matter informally.

## III. DISCUSSION

### A. UHW Completely And Without Justification Failed To Provide Responses To The Subpoena

The failure of UHW to comply with the subpoenas issued to them could not be more clear; they refused to respond altogether. While both locals purported to object to the subpoenas, their objections consisted of nothing more than unsupported and generalized boilerplate assertions. [Ridley Decl. Exh. X & Y.] Under Federal Rule 45, non-parties objecting to subpoenas are subject to the same requirement applicable to parties responding to discovery requests, i.e., that their objections be particularized. *Sabol v. Brooks*, 469 F.Supp.2d 324, 328-329 (D.MD. 2006). A generalized unsupported objection to a subpoena is insufficient, and constitutes a waiver of such objections. *Id; Thomas v. Hickman*, 2007 WL 4302974 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as statements that requests are overly broad, burdensome, or oppressive, are waived."); *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled that all grounds for objection must be stated with specificity.").

Additionally, Rule 45(d)(2)(A) specifically provides that a party objecting to a subpoena on the grounds that it requires the production of documents protected by a privilege or as trial preparation material must provide a privilege log describing the nature of withheld documents with sufficient specificity to allow the subpoenaing party to assess the claim of privilege or protection. Although UHW asserted the attorney-client privilege and work product doctrine, they did not provide the required privilege log.

In sum, UHW's attempt to object to the subpoenas was patently and totally inadequate, and therefore, such objections were waived. Both locals have provided no response whatsoever to the subpoenas. This Court should order compliance with the subpoenas and impose sanctions.

7

STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422916.1

### B. Local 715, Local 521 And UHW Have Chosen To Engage In A Concerted Effort To Frustrate Discovery In This Case, And Their Conduct Should Result In Sanctions

The Locals, all being represented by the same firm, were well aware that Judge Fogel ruled at the CMC that the Hospitals were entitled to seek discovery on the status of Local 715, its representative status, its legal representation, and its transactions with other SEIU Locals, and that such discovery needed to be completed expeditiously in order to allow the parties to file dispositive motions on July 18, 2008. Yet, rather than make a good faith response, UHW chose to refuse to respond to the subpoenas. The Locals' attorneys have refused to cooperate with counsel for the Hospitals. Rather than working with the Hospitals, they have chosen to resort to shrill and empty accusations of harassment and bad faith. This conduct created the necessity for this motion.[4]

This Court is authorized to hold in contempt any person who fails to obey a subpoena without adequate excuse. F.R.Civ.P. 45(e). Given the Locals' complete failure to adhere to the spirit and the letter of the federal discovery rules, an order holding UHW in contempt is appropriate. The Hospitals respectfully request that that the Court order sanctions against UHW and its counsel for the costs associated with brining this motion, including attorneys fees. The Hospitals estimate that they have spent and/or anticipate spending approximately $12,000 to bring this motion. [Ridley Decl. ¶ 35.]

### IV. CONCLUSION

For the foregoing reasons, Stanford Hospital And Clinics and Lucile Packard Children's Hospital respectfully request that the motion be granted, that UHW be ordered to provide complete responses to the subpoenas, and that appropriate sanctions be

---

[4] This conduct should also be viewed in the context of the Weinberg Firm's refusal to produce witnesses for depositions and to cooperate in selecting alternative dates for depositions as detailed in the Hospitals' Motion to Compel Depositions filed concurrently with this motion.

8
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422916.1

1  imposed.

Dated: July 11, 2008               FOLEY & LARDNER LLP
                                   LAURENCE R. ARNOLD
                                   EILEEN R. RIDLEY
                                   SCOTT P. INCIARDI


                              By:  /s/_____
                                   EILEEN R. RIDLEY
                                   Attorneys for STANFORD HOSPITAL &
                                   CLINICS and LUCILE PACKARD
                                   CHILDREN'S HOSPITAL

9
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO
COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO UHW
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422916.1