1

**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
FACSIMILE:     415.434.4507

3
LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for STANFORD HOSPITAL & CLINICS and
5  LUCILE PACKARD CHILDREN'S HOSPITAL

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  STANFORD HOSPITAL & CLINICS and | Case No:  5:07-CV-05158-JF |
| LUCILE PACKARD CHILDREN'S | |
| 12  HOSPITAL, | **STANFORD HOSPITAL AND** |
| | **CLINICS AND LUCILE PACKARD** |
| 13              Petitioners, | **CHILDREN'S HOSPITAL'S MOTION** |
| | **TO COMPEL RESPONSES TO** |
| 14       vs. | **DISCOVERY SUBPOENA** |
| | **PROPOUNDED TO LOCAL 521** |
| 15  SERVICE EMPLOYEES | |
| INTERNATIONAL UNION, LOCAL 715, | Date:          August 27, 2008 |
| 16 | Time:          9:30 A.M. |
| Respondent. | Dept:          Courtroom 4, 5th Floor |
| 17 | |
| | Judge:         Hon. Jeremy Fogel |
| 18 | Magis. Judge:  Hon. Richard Seeborg |
| 19 | |
| 20  SERVICE EMPLOYEES | Case No:  5:08-CV-00213-JF |
| INTERNATIONAL UNION, LOCAL 715 | |
| 21 | |
| 22         Petitioner and Counter- | |
| Respondent, | |
| 23       vs. | |
| 24  STANFORD HOSPITAL & CLINICS and | |
| LUCILE PACKARD CHILDREN'S | |
| 25  HOSPITAL | |
| 26         Respondents and Counter- | |
| 27  Petitioners. | Judge:          Hon. Jeremy Fogel |
| 28 | |

SFCA_1422853.1

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00215-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:        Hon. Jeremy Fogel |

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00216-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:        Hon. Jeremy Fogel |

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01726-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:        Hon. Jeremy Fogel |

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01727-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:        Hon. Jeremy Fogel |

2

SFCA_1422853.1

1

2

**NOTICE OF MOTION AND MOTION**

3       TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD

4 HEREIN:

5       PLEASE TAKE NOTICE that on August 27, 2008 at 9:30 AM or as soon

6 thereafter as counsel may be heard in Courtroom Four on the Fifth Floor of the above

7 entitled court, located at 280 South 1st Street, San Jose, CA 95113, Stanford Hospitals &

8 Clinics and Lucille Packard Children's Hospital (collectively the "Hospitals") will bring

9 on for hearing their Motion to Compel Responses To Discovery Subpoena Propounded to

10 Local 521.

11       This motion is made on the grounds that Service Employees International Union,

12 Local 521 has failed to respond to subpoenas for business records served upon it by the

13 Hospitals.  This Motion is based upon this Notice of Motion and Motion, the

14 Memorandum of Points and Authorities, the Declaration of Eileen R. Ridley, the records

15 and pleadings on file herein, and upon such oral and documentary evidence as may be

16 presented at the time of the hearing thereon.

17              **POINTS AND AUTHORITIES**

18 **I.    INTRODUCTION**

19       These actions, declared related in the Court's order of February 29, 2008, involve

20 Stanford Hospital And Clinics and Lucile Packard Children's Hospital (the "Hospitals")

21 and three locals of the Service Employees International Union ("SEIU") known as SEIU,

22 Local 715 ("Local 715"), SEIU Local 521 ("Local 521") and SEIU, United Healthcare

23 Workers – West ("UHW") (sometimes collectively the "Locals").  Local 715 is a party to

24 each of the actions.  Local 521 and UHW are not parties.  After a case management

25 conference on April 25, 2008 during which the Court specifically approved discovery

26 into the existence, representation, and transactions of Local 715, the Hospitals issued

27 requests for production of documents ("RFPs") to Local 715 and business records

28

SFCA_1422853.1

subpoenas on Local 521 and UHW. Local 521, after making procedurally and substantively improper objections, failed to respond to the subpoena.

As Local 521 has, without justification, completely failed to produce the subpoenaed documents, the Hospitals request that the Court order that Local 521 comply with the subpoenas. Furthermore, particularly given that the Locals are all represented by the same law firm, their conduct reflects a blatant and concerted attempt to "stonewall" the Hospitals, and the Hospitals request that the Court impose appropriate sanctions.

## II.    FACTUAL BACKGROUND

Each of these actions involves the Hospitals' obligation to arbitrate with Local 715 pursuant to a collective bargaining agreement (the "CBA") and/or to comply with arbitration awards purportedly issued pursuant to the CBA. The Hospitals have alleged that Local 715, certified as the exclusive bargaining representative of a bargaining unit of Hospital employees (the "Bargaining Unit") in 1998, has effectively ceased to exist, and that therefore there is no entity to act as petitioner in these actions and no party with whom the Hospitals have an obligation to arbitrate.[1]  [Declaration Of Eileen Ridley In Support Of Motion ("Ridley Decl.") Exh. B-D.]  The Hospitals also assert that the attorneys from the law firm of Weinberg Roger & Rosenfeld (the "Weinberg Firm" or "Weinberg") who have sought to participate in arbitration proceedings with the Hospitals do not actually represent Local 715, but instead are retained by UHW and are acting under the guise of an invalid servicing agreement (the "Servicing Agreement"). [Ridley Decl. Exh. B-D.]

On April 25, 2008, the Court held a case management conference. At the CMC, counsel for Local 715 argued that no discovery was necessary in the case. The Hospitals' counsel argued, however, that, due to the Hospitals' claims regarding the status of Local

---

[1] The Hospitals contend that Local 715 was merged into Local 521 and an improper attempt was made to merge or transfer the Hospitals' bargaining unit to UHW.

STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO
COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO LOCAL 521
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422853.1

715, some discovery was necessary before dispositive motions could be filed. Specifically, it was argued that discovery was necessary on the issues of Local 715's continued existence, Local 715's resources, its capacity as representative of the Bargaining Unit, and the legal representation provided to Local 715.  [Ridley Decl. Exh. E (P. 4-5).]  The Court agreed and specifically approved discovery into these limited areas.  [Ridley Decl. Exh. E (P. 13-14).]

Accordingly, on May 16, 2008, the Hospitals served on Local 521 a business records subpoena. [2]  [Ridley Decl. Exh. R-W.]  The document sought in the subpoena pertains to: (1) the existence or non-existence of Local 715; (2) the representative status of Local 715 (3) the nature of the representation provided by Weinberg; and (4) the resources of Local 715 and the use and movement of those resources.

**A.    Local 521 "Objects" To The Subpoenas**

On May 29, 2008, Andrea Laiacona from the Weinberg Firm, on behalf of Local 521, faxed a letter to Eileen Ridley, counsel for the Hospitals purporting to object to the subpoenas.  [Ridley Decl. Exh. Y.]  Ms. Laiacona objected that the subpoenas sought information that was irrelevant, overbroad, unduly burdensome, privileged, and/or confidential.  Ms. Laiacona's letter did not address any of the document requests specifically, and, although privilege was raised, did not include a "privilege log."

On the same day, Ms. Ridley received a fax from William A. Sokol, another attorney with the Weinberg Firm on behalf of UHW.  The content of the letter was essentially identical to that of Ms. Laiacona's letter.[3]  [Ridley Decl. Exh. X.]

---

[2] Six sets of RFPs were served on Local 715, one in each of the six cases.  Likewise, identical subpoenas were served on Local 521 and UHW in all six cases.  The content of the RFPs and subpoenas were, however, identical, and the Hospitals indicated that, in the interest of efficiency, the responding parties could serve a single set of documents in response to the requests in all six cases.  [Ridley Decl. Exh. Z & AA]

[3] Both letters were actually signed by "BH" who Ms. Ridley took to be Bruce Harland, another Weinberg Attorney who has responded on behalf of Local 715.  [Ridley Decl. ¶ 10.]

SFCA_1422853.1

1    On June 9, 2008, Ms. Ridley sent letters to Ms. Laiacona and Mr. Sokol

2   responding to their "objections." Ms. Ridley informed Ms. Laiacona and Ms. Sokol that

3   their objections were not well-taken, but offered to work with them in the event that they

4   were concerned as to the volume of documents to be produced, or to address any other

5   logistical and/or expense issues that might arise. [Ridley Decl. Exh. Z-AA.] Mr. Sokol,

6   responded by claiming that the subpoenas were abusive and harassing. [Ridley Decl.

7   Exh. BB.]

8        **B.    Local 521 Fails To Respond To The Subpoena**

9        Neither of the Locals responded to Ms. Ridley's May 9, 2008 letter before the

10   deadline to respond to the subpoenas. [Ridley Decl. ¶ 13] The responses of Local 521

11   and UHW to the subpoenas were due on June 18, 2008. However, neither local has

12   provided any response to date. [Ridley Decl. ¶ 13.]

13        On June 26, 2006 – over a week after responses to the subpoenas were due – Ms.

14   Laiacona sent a letter to Ms. Ridley responding to her letter of May 9, 2008. She stated

15   that she was "reiterating" her position stated in her May 29, 2008 letter, asserted

16   (incorrectly) that the Hospitals had conceded that Local 715 exists, and accused the

17   Hospitals of propounding discovery in bad faith and for purposes of harassment. [Ridley

18   Decl. Exh. CC.]

19        Ms. Ridley and her associate Scott Inciardi responded to these letters via fax on

20   the evening of June 30, 2008, requesting that Ms. Laiacona and Mr. Sokol confirm that

21   their clients would provide responses to the subpoenas to avoid the necessity of a motion

22   to compel. [Ridley Decl. Exh. NN-OO.]

23        On July 9, 2008, Ms. Ridley and Mr. Harland met and conferred regarding

24   outstanding discovery issues, including the responses of Local 521 and UHW to the

25   subpoenas. Ms. Ridley outlined the Hospitals' position regarding the Locals' obligation

26   to produce documents and requested again that Local 521 and UHW respond to the

27   subpoenas. [Ridley Decl. ¶ 25 & Exh. WW.] The parties have, however, been unable to

28

SFCA_1422853.1

1    resolve the matter informally.

2    **III.    DISCUSSION**

3          A.    **Local 521 Completely And Without Justification Failed To Provide**

4                **Responses To The Subpoena**

5          The failure of Local 521 to comply with the subpoenas issued to them could not be

6    more clear; they refused to respond altogether.  While both locals purported to object to

7    the subpoenas, their objections consisted of nothing more than unsupported and

8    generalized boilerplate assertions.  [Ridley Decl. Exh. X & Y.]  Under Federal Rule 45,

9    non-parties objecting to subpoenas are subject to the same requirement applicable to

10   parties responding to discovery requests, i.e., that their objections be particularized.

11   *Sabol v. Brooks*, 469 F.Supp.2d 324, 328-329 (D.MD. 2006).  A generalized unsupported

12   objection to a subpoena is insufficient, and constitutes a waiver of such objections.  *Id;*

13   *Thomas v. Hickman*, 2007 WL 4302974 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections

14   that are not sufficiently specific, such as statements that requests are overly broad,

15   burdensome, or oppressive, are waived."); *Ramirez v. City Of Los Angeles*, 231 F.R.D.

16   407, 409 (E.D.Cal. 2005) ("it is well-settled that all grounds for objection must be stated

17   with specificity.").

18         Additionally, Rule 45(d)(2)(A) specifically provides that a party objecting to a

19   subpoena on the grounds that it requires the production of documents protected by a

20   privilege or as trial preparation material must provide a privilege log describing the

21   nature of withheld documents with sufficient specificity to allow the subpoenaing party to

22   assess the claim of privilege or protection.  Although Local 521 asserted the attorney-

23   client privilege and work product doctrine, they did not provide the required privilege

24   log.

25         In sum, Local 521's attempt to object to the subpoenas was patently and totally

26   inadequate, and therefore, such objections were waived.  Both locals have provided no

27   response whatsoever to the subpoenas.  This Court should order compliance with the

28

SFCA_1422853.1

1    subpoenas and impose sanctions.

2    **B.    Local 715, Local 521 And UHW Have Chosen To Engage In A**

3    **Concerted Effort To Frustrate Discovery In This Case, And Their**

4    **Conduct Should Result In Sanctions**

5    The Locals, all being represented by the same firm, were well aware that Judge

6    Fogel ruled at the CMC that the Hospitals were entitled to seek discovery on the status of

7    Local 715, its representative status, its legal representation, and its transactions with other

8    SEIU Locals, and that such discovery needed to be completed expeditiously in order to

9    allow the parties to file dispositive motions on July 18, 2008.  Yet, rather than make a

10   good faith response, Local 521 chose to refuse to respond to the subpoenas.  The Locals'

11   attorneys have refused to cooperate with counsel for the Hospitals.  Rather than working

12   with the Hospitals, they have chosen to resort to shrill and empty accusations of

13   harassment and bad faith.  This conduct created the necessity for this motion.[4]

14   This Court is authorized to hold in contempt any person who fails to obey a

15   subpoena without adequate excuse.  F.R.Civ.P. 45(e).  Given the Locals' complete failure

16   to adhere to the spirit and the letter of the federal discovery rules, an order holding Local

17   521 in contempt is appropriate.  The Hospitals respectfully request that that the Court

18   order sanctions against Local 521 and its counsel for the costs associated with brining this

19   motion, including attorneys fees.  The Hospitals estimate that they have spent and/or

20   anticipate spending approximately $12,000 to bring this motion.  [Ridley Decl. ¶ 35.]

21   **IV.    <u>CONCLUSION</u>**

22   For the foregoing reasons, Stanford Hospital And Clinics and Lucile Packard

23   Children's Hospital respectfully request that the motion be granted, that Local 521 be

24

25   _____

26   [4] This conduct should also be viewed in the context of the Weinberg Firm's refusal to produce witnesses for depositions and to cooperate in selecting alternative dates for

27   depositions as detailed in the Hospitals' Motion to Compel Depositions filed concurrently with this motion.

28

SFCA_1422853.1

1    ordered to provide complete responses to the subpoenas, and that appropriate sanctions

2    be imposed.

3

4    Dated:  July 11, 2008                    FOLEY & LARDNER LLP
                                             LAURENCE R. ARNOLD
5                                            EILEEN R. RIDLEY
                                             SCOTT P. INCIARDI
6

7

8                                    By:  /s/_____
                                             EILEEN R. RIDLEY
9                                            Attorneys for STANFORD HOSPITAL &
                                             CLINICS and LUCILE PACKARD
10                                           CHILDREN'S HOSPITAL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO
COMPEL RESPONSES TO DISCOVERY SUBPOENA PROPOUNDED TO LOCAL 521
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1422853.1