1  VINCENT A. HARRINGTON, JR., Bar No. 071119
   BRUCE A. HARLAND, Bar No. 230477
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone 510.337.1001
   Fax 510.337.1023
5
6  Attorneys for Respondent/Cross-Petitioner
   SEIU, Local 715
7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9
10
   SERVICE EMPLOYEES INTERNATIONAL      ) No.     5:08-CV-00213- JF
11 UNION, LOCAL 715,                     )
                                         ) DECLARATION OF BRUCE A.
12              Petitioner,              ) HARLAND IN SUPPORT OF LOCAL
                                         ) 715'S MOTION TO COMPEL
13       v.                              ) ARBITRATION
                                         )
14 STANFORD HOSPITAL & CLINICS and      ) Date:   August 29, 2008
   LUCILE PACKARD CHILDREN'S             ) Time:   9:00 a.m.
15 HOSPITAL,                             ) Judge:  Hon. Jeremy Fogel
                                         ) Courtroom:    3, 5th fl.
16                                       )
               Respondents.             )
17                                       )
                                         )
18 _____     )
19
20
21
22
23
24
25
26
27
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Declaration of Bruce A. Harland in Support of Local 715's Memorandum of Points and Authorities In Support of
Motion to Confirm Arbitration Award, Case No. 5:08-CV-00213- JF

1    I, Bruce A.Harland, hereby declare as follows:

2    1.    I am an attorney at law, admitted to practice before this Court, and a shareholder

3    with the law firm of Weinberg, Roger and Rosenfeld, attorneys for SEIU, Local 715 in the above-

4    referenced matter.  I make this declaration upon my personal knowledge, and, if called as a

5    witness, I could competently testify to the facts hereinafter stated.

6    2.    Attached as Exhibit A are true and correct copies of the relevant pages of a

7    transcript in an arbitration proceeding before Arbitrator Thomas Angelo on November 28, 2007,

8    involving the grievance of Victor Acosta.

9    3.    Attached as Exhibit B are true and correct copies of Stanford Hospital and Clinics

10    and Lucile Packard Children's Hospital's responses to requests for admissions.

11    I declare under penalty of perjury under the laws of the United States of America and the

12    State of California that the foregoing is true and correct.  Executed this 18th day of July 2008 in

13    Alameda, California.

14

15        _/s/_BRUCE A. HARLAND_____
          BRUCE A. HARLAND

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

Declaration of Bruce A. Harland in Support of Local 715's Memorandum of Points and Authorities In Support of
Motion to Confirm Arbitration Award, Case No. 5:08-CV-00213- JF

IN ARBITRATION PROCEEDINGS

BEFORE HONORABLE THOMAS ANGELO, LABOR ARBITRATOR

In re: an arbitration between )
                              )
STANFORD HOSPITAL & CLINICS   )
LUCILE PACKARD CHILDREN'S     )
HOSPITAL,                     )          **CERTIFIED COPY**
                             ·)
            Complainant,      )
                              )
and                           )   FMCS No. 070420-55892-A
                              )
SEIU LOCAL 715,               )
                              )
            Respondent.       )
_____)
                              )
Grievance of Victor Acosta    )
_____)


TRANSCRIPT OF PROCEEDINGS

PALO ALTO, CALIFORNIA

NOVEMBER 28, 2007


REPORTED BY:  JANE H. STULLER, CSR NO. 7223
(401481)

**M E R R I L L   L E G A L   S O L U T I O N S**

135 Main Street, 4th Floor
rp.com/law  San Francisco. CA 94105                     415.357.4300

PROCEEDINGS    November 28, 2007

1    to hear this dispute.

2         Joint Exhibit 6 is a letter over my signature

3    to the parties dated July 10, 2007 indicating today

4    would be the date for the hearing.

5         Joint Exhibit 7 is a step-two decision from the

6    hospital dated April 5, 2007.  It has attached -- it's a

7    two-page decision.  It has attached, apparently, the

8    invocation from the union I previously described.

9         I should also note there has been some

10   correspondence between the parties and the arbitrator

11   regarding another matter.  I'm assuming that will be

12   discussed at our next event.

13        Let me also say that the parties have agreed

14   that with respect to the dispute itself, the issues

15   would be whether the grievant was terminated for just

16   cause; and if not, what should the remedy be.

17        The parties have also agreed that should we

18   proceed further today, the matter is properly before the

19   arbitrator for resolution and that all time limits and

20   requirements to the contract with respect to the

21   processing of the grievance and invocation of

22   arbitration have been satisfied.

23        And they further agree that should I issue a

24   decision, an award in this matter, I may retain

25   jurisdiction to resolve any disputes over the meaning or

7

PROCEEDINGS    November 28, 2007

1    application of the decision and award.

2         I've indicated the documents I previously

3    described are provisionally marked as joint exhibits.  I

4    won't admit them at this point in light of what I

5    understand to be a procedural matter, and I will ask if

6    the parties wish to address that question at this point.

7         MR. ARNOLD:  The Employer does.

8         THE ARBITRATOR:  Okay.  Mr. Arnold, the floor

9    is yours.

10         MR. ARNOLD:  Mr. Arbitrator, as you are aware

11    from prior conversations, there is an underlying issue

12    that is fundamental to the arbitration of this

13    grievance, a grievance challenging the termination of

14    the grievant, Victor Acosta for theft.

15         But that underlying issue has nothing to do

16    with the merits of the grievance itself.  That issue

17    involves a dispute concerning the status of individuals

18    and entities purporting to act as the representatives of

19    SEIU Local 715 and of the bargaining unit employee at

20    the Stanford Hospital and Clinics and Lucile Packard

21    Children's Hospital.

22         While that issue is unrelated to the merits of

23    the particular grievance for which you were selected, it

24    is nevertheless a threshold issue.  For if the

25    individuals and entities attempting to appear here as

8

## CERTIFICATE OF CERTIFIED SHORTHAND REPORTER

I, JANE STULLER, hereby certify that I am a
Certified Shorthand Reporter; that I reported in
shorthand writing the foregoing matter at the time
and place therein stated; that the foregoing pages
are a full, true and complete transcript of my said
shorthand notes and is a full, true and correct
record of the proceedings had in said matter at said
time and place.

Dated: December 13, 2007.

*Jane H. Stuller*

JANE STULLER

Certified Shorthand Reporter

California License #7223

1  **FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

3  LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents and Counter-Petitioners
5  Stanford Hospital & Clinics and
Lucile Packard Children's Hospital

6

7

8  ## UNITED STATES DISTRICT COURT

9  ## NORTHERN DISTRICT OF CALIFORNIA

10

11

12  **SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 715,**

13              **Petitioner and Counter-
Respondent,**

14      **v.**

15  **STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S
16  HOSPITAL,**

17              **Respondents and Counter-
Petitioners.**

18

19

Case No: **5:08-CV-00213 JF**

**RESPONDENT AND COUNTER-
PETITIONER LUCILE PACKARD
CHILDREN'S HOSPITAL'S
RESPONSE TO PETITIONER AND
COUNTER-RESPONDENT'S
REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE)**

**Judge:      Hon. Jeremy Fogel**

20  PROPOUNDING PARTY:    SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 715
21
RESPONDING PARTY:    LUCILE PACKARD CHILDREN'S HOSPITAL
22
SET NUMBER:          ONE
23

24      Respondent and Counter-Petitioner Lucile Packard Children's Hospital ("LPCH")

25  responds to the requests for admissions (set one) propounded by petitioner and counter-

26  respondent Service Employees International Union, Local 715 ("Local 715") as follows:

27  **REQUEST FOR ADMISSION NO. 1:**

28      Admit that Lucile Packard Children's Hospital, through its counsel, stipulated that the

---

1  **FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
2  SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:     415.434.4507
3
LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents and Counter-Petitioners
5  Stanford Hospital & Clinics and
Lucile Packard Children's Hospital
6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  **SERVICE EMPLOYEES**              Case No:  **5:08-CV-00213 JF**
    **INTERNATIONAL UNION, LOCAL 715,**

13          **Petitioner and Counter-**
            **Respondent,**

14                                     **RESPONDENT AND COUNTER-**
                                       **PETITIONER STANFORD**
15      v.                             **HOSPITAL & CLINICS' RESPONSE**
                                       **TO PETITIONER AND COUNTER-**
16  **STANFORD HOSPITAL & CLINICS and** **RESPONDENT'S REQUEST FOR**
    **LUCILE PACKARD CHILDREN'S**        **ADMISSIONS UNDER RULE 36**
17  **HOSPITAL,**                        **(SET ONE)**

18          **Respondents and Counter-**
            **Petitioners.**            **Judge:        Hon. Jeremy Fogel**

19

20  PROPOUNDING PARTY:    SERVICE EMPLOYEES INTERNATIONAL UNION,
                          LOCAL 715
21
    RESPONDING PARTY:     STANFORD HOSPITAL & CLINICS
22
    SET NUMBER:           ONE
23

24          Respondent and Counter-Stanford Hospital And Clinics ("SHC") responds to the requests

25  for admissions (set one) propounded by petitioner and counter-responsent Service Employees

26  International Union, Local 715 ("Local 715") as follows:

27  **REQUEST FOR ADMISSION NO. 1:**

28          Admit that Stanford Hospital and Clinics, through its counsel, stipulated that the United

RESPONDENT AND COUNTER-PETITIONER STANFORD'S RESPONSE TO PETITIONER AND COUNTER-
RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO:  5:08-CV-00213 JF

SFCA  1406663.1

1 States District for the Northern District has personal jurisdiction by virtue of Section 301 of the

2 Labor-Management Relations Act.

3 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

4    SHC admits that, in its Answer And Counter-Petition To Vacate Arbitration Award, it

5 alleged that, "To the extent that it may be established that Local 715 is a labor organization, this

6 Counter-Petition arises under, and jurisdiction is conferred on this Court by virtue of, Section

7 301 of the Labor-Management Relations Act of 1947."

8 **REQUEST FOR ADMISSION NO. 2:**

9    Admit that Stanford Hospital and Clinics is an employer engaged in an industry affecting

10 commerce as defined by the National Labor Relations Act.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

12    Admitted.

13 **REQUEST FOR ADMISSION NO. 3:**

14    Admit that SEIU, Local 715 is an organization that employees at Stanford Hospital and

15 Clinics participate in and which exists for the purpose, in whole or in part, of dealing with

16 Stanford Hospital and Clinics concerning grievances, labor disputes, wages, rates of pay, hours

17 of employment, or conditions of work.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

19    SHC admits that prior to March 1, 2007 or thereabouts, Local 715 was an organization

20 that employees at SHC participated in and which existed for the purpose, in whole or in part, of

21 dealing with SHC concerning grievances, labor disputes, wages, rates of pay, hours of

22 employment, or conditions of work. After reasonable inquiry, based on information presently

23 known or reasonably available, SHC lacks sufficient information at this time to admit or deny

24 that Local 715 maintained this status after March 1, 2007. Discovery is ongoing.

25 **REQUEST FOR ADMISSION NO. 4:**

26    Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

27 grievances.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

SHC admits that it deals over grievances with persons who, prior to March 1, 2007, were designated by Local 715 as shop stewards.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over labor disputes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

SHC denies that, apart from grievances as described above, there been any labor disputes about which it would deal with any person.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over rates of pay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

SHC admits that it has given notices regarding rates of pay to persons who, prior to March 1, 2007, were designated by Local 715 as shop stewards, but denies that it has dealt with anyone over rates of pay since March 1, 2007.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over hours of employment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

SHC admits that it deals over hours of employment with persons who, prior to March 1, 2007, were designated by Local 715 as shop stewards.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over conditions of work.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

SHC admits that it deals over conditions of work with persons who, prior to March 1, 2007, were designated by Local 715 as shop stewards.

3
RESPONDENT AND COUNTER-PETITIONER STANFORD'S RESPONSE TO PETITIONER AND COUNTER-RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO: 5:08-CV-00213 JF

SFCA_1406663.1

1    **REQUEST FOR ADMISSION NO. 9:**

2    Admit that SEIU, Local 715 is a labor organization representing employees in an industry

3    affecting commerce as defined by the National Labor Relations Act.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

5    SHC admits that prior to March 1, 2007 or thereabouts, Local 715 was a labor

6    organization representing employees in an industry affecting commerce as defined by the

7    National Labor Relations Act.  After reasonable inquiry, based on information presently known

8    or reasonably available, SHC lacks sufficient information at this time to admit or deny that Local

9    715 maintained this status after March 1, 2007.  Discovery is ongoing.

10    **REQUEST FOR ADMISSION NO. 10:**

11    Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under

12    oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board

13    that Stanford Hospital and Clinics and Lucile Packard Children's Hospital deals with SEIU,

14    Local 715 Shop Stewards with respect to the wages, hours, and terms and conditions of

15    employment regarding workers represented by SEIU, Local 715.

16    **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

17    SHC denies that Director of Employee and Labor Relations Laurie Quintel testified under

18    oath in any forum on May 9, 2008.  SHC admits that Ms. Quintel testified at a hearing before

19    Administrative Law Judge John J. McCarrick on May 6, 2008, but denies that her testimony was

20    as described above.

21    **REQUEST FOR ADMISSION NO. 11:**

22    Admit that the National Labor Relations Board has certified SEIU, Local 715 as the

23    exclusive representative of employees at Stanford Hospital and Clinics and Lucile Packard

24    Children's Hospital pursuant to a Certification of Representation issued by the National Labor

25    Relations Board in Case No. 32-RC-4504, as modified in Case No. 32-UC-363.

26    **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

27    SHC admits that, pursuant to an order of the National Labor Relations Board dated

28    November 30, 1998 in Case No. 32-RC-4504, as modified in Case No. 32-UC-363, SEIU Local

4

SFCA  1406663.1

715, AFL-CIO, CLC was certified as the exclusive collective-bargaining representative of a group of employees of SHC and Lucile Packard Children's Hospital ("LPCH") as set forth in that order.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital recognizes SEIU, Local 715 as the sole and exclusive representative for the purpose of collective bargaining for all full-time, part-time, and relief non-professional employees performing service and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital, Welch Road and Blake Wilbur Drive.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

SHC admits that it recognized Local 715 as the sole and exclusive representative for the purposes of collective bargaining for all full-time, part-time, and relief non-professional employees performing service and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital, Welch Road and Blake Wilbur Drive until March 1, 2007 or thereabouts. SHC believes that, after March 1, 2007 or thereabouts, Local 715 effectively ceased to exist and/or attempted to transfer its representational rights to Service Employees International Union, United Healthcare Workers – West. Discovery is continuing.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Stanford Hospital and Clinics has not withdrawn recognition of SEIU, Local 715.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board that Stanford Hospital and Clinics has not withdrawn recognition of SEIU, Local 715.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

SHC denies that Director of Employee and Labor Relations Laurie Quintel testified under

5

RESPONDENT AND COUNTER-PETITIONER STANFORD'S RESPONSE TO PETITIONER AND COUNTER-RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO:  5:08-CV-00213 JF

SFCA 1406663.1

1    oath in any forum on May 9, 2008.  SHC admits that Ms. Quintel testified at a hearing before

2    Administrative Law Judge John J. McCarrick on May 6, 2008, and that at that hearing, she

3    testified that, at that time, SHC had not withdrawn recognition from of Local 715.

4    **REQUEST FOR ADMISSION NO. 15:**

5          Admit that there is a collective bargaining agreement between SEIU, Local 715 and

6    Stanford Hospital and Clinics and Lucile Packard Children's Hospital, effective January 20,

7    2006 through November 4, 2008.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

9          SHC admits that, prior to March 1, 2007, SHC and Local 715 negotiated and executed a

10   collective bargaining agreement, which agreement bears the effective dates of January 20, 2006

11   through November 4, 2008.

12   **REQUEST FOR ADMISSION NO. 16:**

13         Admit that SEIU, Local 715 enjoys an irrebuttable presumption of continuing majority

14   status for the duration of the collective bargaining agreement between Stanford Hospital and

15   Clinics and Lucile Packard Children's Hospital.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

17         SHC admits that, if Local 715 in fact continues to exist, and if it has not transferred its

18   representational rights to another labor organization, whether properly or improperly, it would

19   enjoy an irrebuttable presumption of continuing majority support for the duration of the

20   collective bargaining agreement between SHC and Local 715.

21   **REQUEST FOR ADMISSION NO. 17:**

22         Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital filed

23   three unfair labor practice charges, Case Nos. 32-CB-6237, 32-CB-5350 and 32-CB-6351,

24   alleging that SEIU, Local 715 failed to provide relevant and necessary information to Stanford

25   Hospital and Clinics and Lucile Packard Children's Hospital, pursuant to its obligation as a labor

26   organization under the National Labor Relations Act.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

28         SHC admits that, on or around April 16, 2007, it filed an unfair labor practice charge

6

RESPONDENT AND COUNTER-PETITIONER STANFORD'S RESPONSE TO PETITIONER AND COUNTER-RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO: 5:08-CV-00213 JF

SFCA_1406663.1

1  against Local 715 designated Case No. 32-CB-6237 stating as the basis of the charge that:

2

3        Despite repeated requests, the Union refuses to provide the
         Employer with sufficient information to permit the Employer
4        to determine whether the Union continues to exist as an active
         labor organization within the meaning of the Act.
5        Repeated calls to the telephone number for the Union yield
         the response that it no longer exists.  The Union's website,
6        SEIU715.org, transfers the visitor to a website for SEIU521,
         which advises that SEIU Local 715 is now part of that local,
7        and that the resources of Local 715 and four (4) other locals
         have been transferred to Local 521.
8

9        SHC admits that, on or around October 19, 2007, it filed an unfair labor practice charge

10 against Local 715 designated Case No. 32-CB-6350 stating as the basis of the charge that:

11
         The Union has failed and refused to provide information
12       concerning whether the firm of Weinberg Roger & Rosenfeld
         is providing representational services directly on behalf of the
13       Union, or on behalf of SEIU-UHW pursuant to an invalid
         servicing agreement between the Union and SEIU-UHW,
14       which servicing agreement has previously been rejected by
         the Employer.
15

16       SHC admits that, on or around October 19, 2007, it filed an unfair labor practice charge

17 against Local 715 designated Case No. 32-CB-6351 stating as the basis of the charge that:

18
         The Union has refused to provide requested information
19       relevant to the status and viability of SEIU, Local 715, for
         each month in the period from the announcement of the
20       merger of Local 715 and four (4) other locals into Local 521
         until the purported appointment of a "trustee" for SEIU,
21       Local 715 by SEIU International.

22 **REQUEST FOR ADMISSION NO. 18:**

23       Admit that Region 32 of the National Labor Relations Board issued a Complaint, on

24 behalf of Stanford Hospital and Clinics and Lucile Packard's Children's Hospital, against SEIU,

25 Local 715 in Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

27       SHC admits that Region 32 of the National Labor Relations Board issued a complaint in

28
                                        7

1  Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351.  SHC denies that the complaint was

2  issued on behalf of SHC and/or LPCH.

3  **REQUEST FOR ADMISSION NO. 19:**

4      Admit that Region 32 of the National Labor Relations Board alleged that SEIU, Local

5  715 "is now, and has been at all times material herein, a labor organization within the meaning of

6  Section 2(5) of [the National Labor Relations] Act."

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

8      SHC admits that Region 32 of the National Labor Relations Board issued a complaint in

9  Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351, and that Paragraph 4 of that complaint

10  states that: "Respondent is now, and has been at all times material herein, a labor organization

11  within the meaning of Section 2(5) of the Act."

12  **REQUEST FOR ADMISSION NO. 20:**

13      Admit that at no time during the hearing, on May 9, 2008, did Stanford Hospital and

14  Clinics and Lucile Packard Children's Hospital object to the allegation that SEIU, Local 715 "is

15  now, and has been at all times material herein, a labor organization within the meaning of

16  Section 2(5) of [the National Labor Relations] Act."

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

18      SHC denies that any hearing took place on May 9, 2008.  SHC further denies that it was

19  in a position to object to, or otherwise file pleadings responsive to the Complaint issued by

20  Region 32 of the National Labor Relations Board.

21  **REQUEST FOR ADMISSION NO. 21:**

22      Admit that had Stanford Hospital and Clinics and Lucile Packard Children's Hospital

23  objected to the allegation that SEIU, Local 715 "is now, and has been at all times material herein,

24  a labor organization within the meaning of Section 2(5) of [the National Labor Relations] Act"

25  the Complaint issued by Region 32 of the National Labor Relations Board would have been

26  dismissed because of SEIU, Local 715's lack of standing as a labor organization.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

28      SHC objects to Request For Admission No. 21 on the grounds that it requests an

8

1  admission based on speculation regarding the hypothetical actions of third parties based upon a

2  hypothetical fact pattern.  As SHC cannot ascertain such facts, it can neither admit nor deny the

3  content of the request for admission.

4  **REQUEST FOR ADMISSION NO. 22:**

5      Admit that because SEIU, Local 715 is an existing labor organization, under Section 8(g)

6  of the National Labor Relations Act, if it chose to engage in any strike, picketing, or other

7  concerted refusal to work at Stanford Hospital and Clinics and Lucile Packard Children's

8  Hospital, it must notify in writing Stanford Hospital and Clinics and Lucile Packard Children's

9  Hospital and the Federal Mediation and Conciliation Service of its intent to do so, not less than

10  ten days prior to engaging in any strike, picketing, or other concerted refusal to work.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

12      SHC objects to the request for admission on the grounds that it seeks information that is

13  not relevant to a claim or defense of any party and that it calls for a conclusion of law.

14  Notwithstanding such objections, SHC admits that if Local 715 in fact is a labor organization, it

15  would be required to give notice to SHC and LPCH before engaging an any strike, picketing, or

16  other refusal to work at SHC and/or LPCH under Section 8(g) of the National Labor Relations

17  Act, and that, if Local 715 is in fact a labor organization, it would be prohibited from engaging in

18  a strike, a concerted refusal to work, or any picketing other than informational picketing against

19  SHC and/or LPCH by an existing collective bargaining agreement, whether or not it gave the

20  notices required under Section 8(g).

21  Dated: July _11_, 2008

                    FOLEY & LARDNER LLP

22                      LAURENCE R. ARNOLD
                    EILEEN R. RIDLEY

23                      SCOTT P. INCIARDI

24

25              By:

26                      EILEEN R. RIDLEY
                    Attorneys for Respondents and Counter-

27                      Petitioners Stanford Hospital & Clinics and
                    Lucile Packard Children's Hospital

28

                            9

SFCA_1406663.1

1

**VERIFICATION**

2

3    I, Laurie J. Quintel, declare:

4        I am the Director of Employee and Labor Relations for Stanford Hospital and Clinics

5    ("SHC"), and am authorized to make this verification for, and on behalf of, SHC.  I have read

6    SHC's "Response To Petitioner and Counter-Respondent's Request For Admissions Under

7    Rule 36 (Set One)" and know its contents.  The information is true and correct of my own

8    knowledge, except as to those matters which are stated on information and belief, and as to those

9    matters, I believe them to be true.

10        I declare under penalty of perjury under the laws of the State of California and the United

11    States of America that the foregoing is true and correct.

12

     Dated: July _10_, 2008

13

14

15                                     LAURIE J. QUINTEL

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONDENT AND COUNTER-PETITIONER STANFORD'S RESPONSE TO PETITIONER AND COUNTER-
RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO:  5:08-CV-00213 JF

SFCA  1406663.1

1

**PROOF OF SERVICE**

2   I am employed in the **County of San Francisco**, **State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza,**

3   **Sixth Floor, San Francisco, CA 94111-3409**.

4   On **July 11, 2008**, I served the foregoing document(s) described as: **RESPONDENT AND COUNTER-PETITIONER STANFORD HOSPITAL & CLINIC'S**

5   **RESPONSE TO PETITIONER AND COUNTER-RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE), Case No. 5:08-CV-00213-JF**, on

6   the interested parties in this action as follows:

7    ✓     BY THE FOLLOWING MEANS:
          I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

8

9   William Sokol, Esq.
    W. Daniel Boone, Esq.

10   Bruce A. Harland, Esq.
    Weinberg, Roger & Rosenfeld

11   1001 Marina Village Pkwy, Suite 200
    Alameda, CA 94501-1091

12   (510) 337-1023

13

14    ✓     BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

15          ✓     I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express: collected packages are

16               picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco,**

17               **California**, in the ordinary course of business. I placed the envelope(s) in an envelope or package designated by the express service carrier for

18               collection and processing for express service delivery on the above date following ordinary business practices.

19

20    ✓   Executed on **July 11, 2008**, at **San Francisco, California**.

21    ✓     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22    ✓     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24                             *Patricia A. Lee*

25                           Patricia A. Lee

26

27

28

1  United States District for the Northern District has personal jurisdiction by virtue of Section 301

2  of the Labor-Management Relations Act.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

4       LPCH admits that, in its Answer And Counter-Petition To Vacate Arbitration Award, it

5  alleged that, "To the extent that it may be established that Local 715 is a labor organization, this

6  Counter-Petition arises under, and jurisdiction is conferred on this Court by virtue of, Section

7  301 of the Labor-Management Relations Act of 1947."

8  **REQUEST FOR ADMISSION NO. 2:**

9       Admit that Lucile Packard Children's Hospital is an employer engaged in an industry

10  affecting commerce as defined by the National Labor Relations Act.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

12       Admitted.

13  **REQUEST FOR ADMISSION NO. 3:**

14       Admit that SEIU, Local 715 is an organization that employees at Lucile Packard

15  Children's Hospital participate in and which exists for the purpose, in whole or in part, of dealing

16  with Lucile Packard Children's Hospital concerning grievances, labor disputes, wages, rates of

17  pay, hours of employment, or conditions of work.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

19       LPCH admits that prior to March 1, 2007 or thereabouts, Local 715 was an organization

20  that employees at LPCH participated in and which existed for the purpose, in whole or in part, of

21  dealing with LPCH concerning grievances, labor disputes, wages, rates of pay, hours of

22  employment, or conditions of work.  After reasonable inquiry, based on information presently

23  known or reasonably available, LPCH lacks sufficient information at this time to admit or deny

24  that Local 715 maintained this status after March 1, 2007.  Discovery is ongoing.

25  **REQUEST FOR ADMISSION NO. 4:**

26       Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

27  Stewards over grievances.

28

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

2      LPCH admits that it deals over grievances with persons who, prior to March 1, 2007,

3  were designated by Local 715 as shop stewards.

4  **REQUEST FOR ADMISSION NO. 5:**

5      Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

6  Stewards over labor disputes.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

8      LPCH denies that, apart from grievances as described above, there been any labor

9  disputes about which it would deal with any person.

10  **REQUEST FOR ADMISSION NO. 6:**

11      Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

12  Stewards over rates of pay.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

14      LPCH admits that it has given notices regarding rates of pay to persons who, prior to

15  March 1, 2007, were designated by Local 715 as shop stewards, but denies that it has dealt with

16  anyone over rates of pay since March 1, 2007.

17  **REQUEST FOR ADMISSION NO. 7:**

18      Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

19  Stewards over hours of employment.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21      LPCH admits that it deals over hours of employment with persons who, prior to March 1,

22  2007, were designated by Local 715 as shop stewards.

23  **REQUEST FOR ADMISSION NO. 8:**

24      Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

25  Stewards over conditions of work.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

27      LPCH admits that it deals over conditions of work with persons who, prior to March 1,

28  2007, were designated by Local 715 as shop stewards.

3

1  **REQUEST FOR ADMISSION NO. 9:**

2      Admit that SEIU, Local 715 is a labor organization representing employees in an industry

3  affecting commerce as defined by the National Labor Relations Act.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

5      LPCH admits that prior to March 1, 2007 or thereabouts, Local 715 was a labor

6  organization representing employees in an industry affecting commerce as defined by the

7  National Labor Relations Act. After reasonable inquiry, based on information presently known

8  or reasonably available, LPCH lacks sufficient information at this time to admit or deny that

9  Local 715 maintained this status after March 1, 2007. Discovery is ongoing.

10 **REQUEST FOR ADMISSION NO. 10:**

11      Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under

12 oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board

13 that Stanford Hospital and Clinics and Lucile Packard Children's Hospital deals with SEIU,

14 Local 715 Shop Stewards with respect to the wages, hours, and terms and conditions of

15 employment regarding workers represented by SEIU, Local 715.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

17      LPCH denies that Director of Employee and Labor Relations Laurie Quintel testified

18 under oath in any forum on May 9, 2008. LPCH admits that Ms. Quintel testified at a hearing

19 before Administrative Law Judge John J. McCarrick on May 6, 2008, but denies that her

20 testimony was as described above.

21 **REQUEST FOR ADMISSION NO. 11:**

22      Admit that the National Labor Relations Board has certified SEIU, Local 715 as the

23 exclusive representative of employees at Stanford Hospital and Clinics and Lucile Packard

24 Children's Hospital pursuant to a Certification of Representation issued by the National Labor

25 Relations Board in Case No. 32-RC-4504, as modified in Case No. 32-UC-363.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

27      LPCH admits that, pursuant to an order of the National Labor Relations Board dated

28 November 30, 1998 in Case No. 32-RC-4504, as modified in Case No. 32-UC-363, SEIU Local

1  715, AFL-CIO, CLC was certified as the exclusive collective-bargaining representative of a

2  group of employees of LPCH and Stanford Hospital And Clinics ("SHC") as set forth in that

3  order.

4  **REQUEST FOR ADMISSION NO. 12:**

5    Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital

6  recognizes SEIU, Local 715 as the sole and exclusive representative for the purpose of collective

7  bargaining for all full-time, part-time, and relief non-professional employees performing service

8  and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital,

9  Welch Road and Blake Wilbur Drive.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

11    LPCH admits that it recognized Local 715 as the sole and exclusive representative for the

12  purposes of collective bargaining for all full-time, part-time, and relief non-professional

13  employees performing service and patient care functions employed at Stanford Hospital, Lucile

14  Packard Children's Hospital, Welch Road and Blake Wilbur Drive until March 1, 2007 or

15  thereabouts.  LPCH believes that, after March 1, 2007 or thereabouts, Local 715 effectively

16  ceased to exist and/or attempted to transfer its representational rights to Service Employees

17  International Union, United Healthcare Workers – West.  Discovery is continuing.

18  **REQUEST FOR ADMISSION NO. 13:**

19    Admit that Lucile Packard Children's Hospital has not withdrawn recognition of SEIU,

20  Local 715.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

22    Admitted.

23  **REQUEST FOR ADMISSION NO. 14:**

24    Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under

25  oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board

26  that Lucile Packard Children's Hospital has not withdrawn recognition of SEIU, Local 715.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

28    LPCH denies that Director of Employee and Labor Relations Laurie Quintel testified

5

1   under oath in any forum on May 9, 2008.  LPCH admits that Ms. Quintel testified at a hearing

2   before Administrative Law Judge John J. McCarrick on May 6, 2008, and that at that hearing,

3   she testified that, at that time, LPCH had not withdrawn recognition from of Local 715.

4   **REQUEST FOR ADMISSION NO. 15:**

5          Admit that there is a collective bargaining agreement between SEIU, Local 715 and

6   Stanford Hospital and Clinics and Lucile Packard Children's Hospital, effective January 20,

7   2006 through November 4, 2008.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

9          LPCH admits that, prior to March 1, 2007, LPCH and Local 715 negotiated and executed

10  a collective bargaining agreement, which agreement bears the effective dates of January 20, 2006

11  through November 4, 2008.

12  **REQUEST FOR ADMISSION NO. 16:**

13         Admit that SEIU, Local 715 enjoys an irrebuttable presumption of continuing majority

14  status for the duration of the collective bargaining agreement between Stanford Hospital and

15  Clinics and Lucile Packard Children's Hospital.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

17         LPCH admits that, if Local 715 in fact continues to exist, and if it has not transferred its

18  representational rights to another labor organization, whether properly or improperly, it would

19  enjoy an irrebuttable presumption of continuing majority support for the duration of the

20  collective bargaining agreement between LPCH and Local 715.

21  **REQUEST FOR ADMISSION NO. 17:**

22         Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital filed

23  three unfair labor practice charges, Case Nos. 32-CB-6237, 32-CB-5350 and 32-CB-6351,

24  alleging that SEIU, Local 715 failed to provide relevant and necessary information to Stanford

25  Hospital and Clinics and Lucile Packard Children's Hospital, pursuant to its obligation as a labor

26  organization under the National Labor Relations Act.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

28         LPCH admits that, on or around April 16, 2007, it filed an unfair labor practice charge

6

RESPONDENT AND COUNTER-PETITIONER LPCH'S RESPONSE TO PETITIONER AND COUNTER-RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO: 5:08-CV-00213 JF

SFCA_1406074.1

1 | against Local 715 designated Case No. 32-CB-6237 stating as the basis of the charge that:

2

3 | Despite repeated requests, the Union refuses to provide the
Employer with sufficient information to permit the Employer

4 | to determine whether the Union continues to exist as an active
labor organization within the meaning of the Act.

5 | Repeated calls to the telephone number for the Union yield
the response that it no longer exists.  The Union's website,

6 | SEIU715.org, transfers the visitor to a website for SEIU521,
which advises that SEIU Local 715 is now part of that local,

7 | and that the resources of Local 715 and four (4) other locals

8 | have been transferred to Local 521.

9 | LPCH admits that, on or around October 19, 2007, it filed an unfair labor practice charge

10 | against Local 715 designated Case No. 32-CB-6350 stating as the basis of the charge that:

11

12 | The Union has failed and refused to provide information
concerning whether the firm of Weinberg Roger & Rosenfeld

13 | is providing representational services directly on behalf of the
Union, or on behalf of SEIU-UHW pursuant to an invalid

14 | servicing agreement between the Union and SEIU-UHW,
which servicing agreement has previously been rejected by

15 | the Employer.

16 | LPCH admits that, on or around October 19, 2007, it filed an unfair labor practice charge

17 | against Local 715 designated Case No. 32-CB-6351 stating as the basis of the charge that:

18

19 | The Union has refused to provide requested information
relevant to the status and viability of SEIU, Local 715, for

20 | each month in the period from the announcement of the
merger of Local 715 and four (4) other locals into Local 521

21 | until the purported appointment of a "trustee" for SEIU,
Local 715 by SEIU International.

22 | **REQUEST FOR ADMISSION NO. 18:**

23 | Admit that Region 32 of the National Labor Relations Board issued a Complaint, on

24 | behalf of Stanford Hospital and Clinics and Lucile Packard's Children's Hospital, against SEIU,

25 | Local 715 in Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351.

26 | **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

27 | LPCH admits that Region 32 of the National Labor Relations Board issued a complaint in

28

7

1   Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351.  LPCH denies that the complaint was

2   issued on behalf of LPCH and/or SHC.

3   **REQUEST FOR ADMISSION NO. 19:**

4          Admit that Region 32 of the National Labor Relations Board alleged that SEIU, Local

5   715 "is now, and has been at all times material herein, a labor organization within the meaning of

6   Section 2(5) of [the National Labor Relations] Act."

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

8          LPCH admits that Region 32 of the National Labor Relations Board issued a complaint in

9   Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351, and that Paragraph 4 of that complaint

10   states that: "Respondent is now, and has been at all times material herein, a labor organization

11   within the meaning of Section 2(5) of the Act."

12   **REQUEST FOR ADMISSION NO. 20:**

13          Admit that at no time during the hearing, on May 9, 2008, did Stanford Hospital and

14   Clinics and Lucile Packard Children's Hospital object to the allegation that SEIU, Local 715 "is

15   now, and has been at all times material herein, a labor organization within the meaning of

16   Section 2(5) of [the National Labor Relations] Act."

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

18          LPCH denies that any hearing took place on May 9, 2008.  LPCH further denies that it

19   was in a position to object to, or otherwise file pleadings responsive to the Complaint issued by

20   Region 32 of the National Labor Relations Board.

21   **REQUEST FOR ADMISSION NO. 21:**

22          Admit that had Stanford Hospital and Clinics and Lucile Packard Children's Hospital

23   objected to the allegation that SEIU, Local 715 "is now, and has been at all times material herein,

24   a labor organization within the meaning of Section 2(5) of [the National Labor Relations] Act"

25   the Complaint issued by Region 32 of the National Labor Relations Board would have been

26   dismissed because of SEIU, Local 715's lack of standing as a labor organization.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

28          LPCH objects to Request For Admission No. 21 on the grounds that it requests an

8

RESPONDENT AND COUNTER-PETITIONER LPCH'S RESPONSE TO PETITIONER AND COUNTER-RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO:  5:08-CV-00213 JF

SFCA_1406074.1

1 admission based on speculation regarding the hypothetical actions of third parties based upon a

2 hypothetical fact pattern.  As LPCH cannot ascertain such facts, it can neither admit nor deny the

3 content of the request for admission.

4 **REQUEST FOR ADMISSION NO. 22:**

5      Admit that because SEIU, Local 715 is an existing labor organization, under Section 8(g)

6 of the National Labor Relations Act, if it chose to engage in any strike, picketing, or other

7 concerted refusal to work at Stanford Hospital and Clinics and Lucile Packard Children's

8 Hospital, it must notify in writing Stanford Hospital and Clinics and Lucile Packard Children's

9 Hospital and the Federal Mediation and Conciliation Service of its intent to do so, not less than

10 ten days prior to engaging in any strike, picketing, or other concerted refusal to work.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

12      LPCH objects to the request for admission on the grounds that it seeks information that is

13 not relevant to a claim or defense of any party and that it calls for a conclusion of law.

14 Notwithstanding such objections, LPCH admits that if Local 715 in fact is a labor organization, it

15 would be required to give notice to LPCH and SHC before engaging an any strike, picketing, or

16 other refusal to work at LPCH and/or SHC under Section 8(g) of the National Labor Relations

17 Act, and that, if Local 715 is in fact a labor organization, it would be prohibited from engaging in

18 a strike, a concerted refusal to work, or any picketing other than informational picketing against

19 LPCH and/or SHC by an existing collective bargaining agreement, whether or not it gave the

20 notices required under Section 8(g).

21 Dated: July _//_, 2008

                FOLEY & LARDNER LLP
22                 LAURENCE R. ARNOLD
                EILEEN R. RIDLEY
23                 SCOTT P. INCIARDI

24

25                 By:

26                     EILEEN R. RIDLEY
                    Attorneys for Respondents and Counter-
27                     Petitioners Stanford Hospital & Clinics and
                    Lucile Packard Children's Hospital

28

RESPONDENT AND COUNTER-PETITIONER LPCH'S RESPONSE TO PETITIONER AND COUNTER-
RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO:  5:08-CV-00213 JF

SFCA_1406074.1

# VERIFICATION

I, Laurie J. Quintel, declare:

I am the Director of Employee and Labor Relations for Lucile Packard Children's Hospital ("LPCH"), and am authorized to make this verification for, and on behalf of, LPCH.  I have read LPCH's "Response To Petitioner and Counter-Respondent's Request For Admissions Under Rule 36 (Set One)" and know its contents.  The information is true and correct of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: July _10_, 2008


_____
LAURIE J. QUINTEL

RESPONDENT AND COUNTER-PETITIONER LPCH'S RESPONSE TO PETITIONER AND COUNTER-RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE); CASE NO:  5:08-CV-00213 JF

SFCA 1406074.1

1

**PROOF OF SERVICE**

2

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza,**

3

**Sixth Floor, San Francisco, CA 94111-3409**.

4

On **July 11, 2008**, I served the foregoing document(s) described as: **RESPONDENT AND COUNTER-PETITIONER LUCILE PACKARD CHILDREN'S**

5

**HOSPITAL'S RESPONSE TO PETITIONER AND COUNTER-RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE), Case No. 5:08-CV-**

6

**00213-JF,** on the interested parties in this action as follows:

7

✓    BY THE FOLLOWING MEANS:
I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

8

9

William Sokol, Esq.
W. Daniel Boone, Esq.

10

Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld

11

1001 Marina Village Pkwy, Suite 200
Alameda, CA 94501-1091

12

(510) 337-1023

13

14

✓    BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

15

✓    I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express: collected packages are

16

picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco,**

17

**California**, in the ordinary course of business. I placed the envelope(s) in an envelope or package designated by the express service carrier for

18

collection and processing for express service delivery on the above date following ordinary business practices.

19

20

✓    Executed on **July 11, 2008**, at **San Francisco, California**.

21

✓    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

✓    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

25

Patricia A. Lee

26

27

28