1  WILLIAM A. SOKOL, Bar No. 072740
   W. DANIEL BOONE, Bar No. 046553
2  BRUCE A. HARLAND, Bar No. 230477
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone 510.337.1001
5  Fax 510.337.1023

6  Attorneys for Petitioner
   SEIU, Local 715

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 SERVICE EMPLOYEES INTERNATIONAL   ) No.   5:08-CV-00213-JF
   UNION, LOCAL 715,                 )
12                                   ) PETITIONER'S MEMORANDUM OF
              Petitioner,            ) POINTS AND AUTHORITIES IN
13                                   ) SUPPORT OF MOTION FOR
         v.                          ) CONFIRMATION OF ARBITRATION
14                                   ) AWARD
                                     )
15 STANFORD HOSPITAL & CLINICS and   ) Date:    August 29, 2008
   LUCILE PACKARD CHILDREN'S         ) Time:    9:00 a.m.
16 HOSPITAL,                         ) Judge:   Hon. Jeremy Fogel
              Respondents.           ) Courtroom:   3, 5th Fl.
17                                   )
                                     )
18                                   )
                                     )
19 _____ )

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF


WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

# TABLE OF CONTENTS

I. NOTICE .......................................................................................................................... 1

II. INTRODUCTION .......................................................................................................... 1

III. STATEMENT OF FACTS ............................................................................................. 2

IV. LEGAL ARGUMENT .................................................................................................... 4

   A. THE EMPLOYER'S ARGUMENT THAT THE AWARD SHOULD BE VACATED BECAUSE THE UNION ALLEGEDLEY DOES NOT EXIST OR LACKED STANDING TO PARTICPATE IN THE ARBITRATION IS FRIVOLOUS. ....................................... 5

     1. The Employer Admits that Local 715 is a Labor Organization that Represents Employees in an Industry Affecting Commerce and Continues to Deal With Local 715 Over Terms and Conditions of Employment. ......................................................... 6

     2. The Employer Waived the Issues It Could Have But Failed to Address to the Arbitrator. ................................................................. 7

     3. The Union Has A Right to Designate Whomever They Wish to Represent Them in the Collective Bargaining Process. ....................... 8

   B. REVIEW OF AN ARBITRATION DECISION ARISING FROM A COLLECTIVE BARGAINING AGREEMENT IS EXTREMELY LIMITED. ............................................................................................ 8

   C. THE ARBITRATOR'S DECISION DRAWS ITS ESSENCE FROM THE CBA. ............................................................................................... 10

   D. THE ARBITRATOR DID NOT EXCEED HIS JURISDICTION AND HIS REMEDY IS ENTITLED TO SPECIAL DEFERENCE. ................ 11

   E. THE UNION IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES. ................................................................................................................ 12

V. CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

**Federal Cases**

*Alyeska Pipeline Service Co. v. Wilderness Society*,
    421 U.S. 240, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975) .................................................. 12

*Am. Radiator and Standard Sanitary Corp.*,
    381 F.2d 632 (6th Cir. 1967) .................................................................................................. 8

*Barnes v. Owens-Corning Fiberglass Corp.*,
    201 F.3d 815 (6th Cir. 2000) .................................................................................................. 6

*Courier-Citizen Co. v. Boston Electrotypers Union No. 11*,
    702 F.2d 273 (1st Cir. 1983) ................................................................................................ 13

*Desert Palace v. Local Joint Exec. Bd. of Las Vegas*,
    679 F.2d 789 (9th Cir. 1982) ................................................................................................ 12

*Ficek v. So. Pacific Co.*,
    338 F.2d 655 (9th Cir. 1964) .................................................................................................. 7

*Gen. Drivers Warehousemen & Helpers, Local Union 89 v. Riss & Co.*,
    372 U.S. 517 (1963) ................................................................................................................ 4

*Gen. Elec. Co. v. NLRB*,
    412 F.2d 512 (2nd Cir. 1969) ................................................................................................. 8

*Hawaii Teamsters Local 996 v. UPS*,
    241 F.3d 1177 (9th Cir. 2001) ................................................................................................ 9

*Int'l Chem. Workers Union v. Mobay Chem. Corp.*,
    775 F. 2d 1107 (4th Cir. 1985) .............................................................................................. 7

*Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*,
    707 F.2d 425 (9th Cir. 1983) ......................................................................................... 12, 13

*Major League Baseball Players Ass'n v. Garvey*,
    532 U.S. 504 (2001) ................................................................................................................ 9

*Marino v. Writers Guild of Am., East, Inc.*,
    992 F. 2d 1480 (9th Cir. 1993) .............................................................................................. 7

*Millmen Local 550, United Bhd. of Carpenters v. Wells Exterior Trim*,
    828 F.2d 1373 (9th Cir. 1987) ................................................................................................ 4

*Rozay's Transfer v. Local Freight Drivers, Local 208*,
    850 F.2d 1321 (9th Cir. 1988) .............................................................................................. 12

*Seattle Times Co. v. Seattle Mailer's Union No. 32*,
    664 F.2d 1366 (9th Cir. 1982) .............................................................................................. 12

*SFIC Props. v. Int'l Assoc. of Machinists & Aerospace Workers, Dist. Lodge 94*,
    103 F.3d 923 (9th Cir. 1996) ................................................................................................ 10

ii

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

*Stead Motors of Walnut Creek v. Automotive Machinists Lodge, No. 1173*,
   886 F.2d 1200 (9th Cir. 1989) (en banc), cert. denied, 495 U.S. 946 (1990) ........................ 9, 10

*Toyota of Berkeley v. Automobile Salesman's Union, Local No. 1095*,
   834 F.2d 751 (9th Cir. 1987), cert. denied, 486 U.S. 1043 (1988) ................................. 2, 3, 4, 11

*United Paperworkers Int'l Union v. Misco, Inc.*,
   484 U.S. 29 (1987) ..................................................................................................... 9, 11

*United Steelworkers of Am. v. Smoke-Craft*,
   652 F.2d 1356 (9th Cir. 1981) ................................................................................................ 7

*United Steelworkers v. American Mfg. Co.*,
   363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) ............................................................. 9

*United Steelworkers v. Warrior & Gulf Navigation Co.*,
   363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ............................................................. 9

*USWA v. Enterprise Wheel & Car Corp.*,
   363 U.S. 593 (1960) ..................................................................................... 9, 10, 11, 12

*USWA v. U.S. Gypsum Co.*,
   492 F.2d 713 (5th Cir. 1974) ................................................................................................ 13

*Van Walters & Rogers, Inc. v. IBT*,
   56 F.3d 1132 (9th Cir. 1995) ................................................................................................ 10

*Virginia Mason Hosp. v. Washington State Nurses Ass'n*,
   511 F.3d 908 (9th Cir. 2007) ..................................................................................... 9, 10, 11

**Federal Statutes**

29 U.S.C. § 152(5) ........................................................................................................................ 7

29 U.S.C. § 157 ............................................................................................................................ 8

29 U.S.C. § 185 ...................................................................................................................... 4, 12

**Federal Rules**

Fed.R.Civ.Proc. 11 ....................................................................................................................... 6

**Other Authorities**

*Am. Radiator and Standard Sanitary Corp.*,
   155 N.L.R.B. 736 ..................................................................................................................... 8

*Caribe Steel Co.*,
   313 N.L.R.B. 877 (1994) ......................................................................................................... 8

*Standard Oil Co.*,
   137 N.L.R.B. 690 (1962), aff'd, 322 F.2d 40 (6th Cir. 1963) ................................................... 8

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

iii

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

## I. NOTICE

PLEASE TAKE NOTICE, that Petitioner, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 715, will move, and hereby does move this court for an order granting its motion to compel arbitration, on August 29, 2008, or as soon as thereafter as the matter may be heard, in courtroom 5 of the above-entitled court, at 9:00 a.m., before the Honorable Jeremey Fogel.

In support of this motion defendant relies upon this Notice of Motion and Motion; the Memorandum of Points and Authorities herein; the pleadings, records and any and all relevant papers filed herein; and such other and further oral and documentary evidence and legal memoranda as may be presented at or by the hearing on said Motion.

## II. INTRODUCTION

For some unknown strategic or tactical reason, Respondents Stanford Hospital and Clinics and Lucile Packard Children's Hospital (the "employer") decided to process a grievance protesting the termination of Victor Acosta, select an arbitrator to decide the merits of Mr. Acosta's grievance, select a location and date of arbitration, but not to participate in the actual arbitration hearing. Rather than participate in the hearing and present evidence supporting its decision to terminate Mr. Acosta, the employer simply walked out of the hearing. But before the Employer abandoned the arbitration, it stipulated to the introduction of joint exhibits, it stipulated that the matter was properly before the Arbitrator for resolution and that all time limits and requirements had been satisfied, and it even stipulated to the issue in dispute.

Even though the employer had fully participated in a previous arbitration hearing, involving Local 715 and the same arbitrator just weeks before, the employer nevertheless decided to walk out of the hearing on this occasion. The employer reason was based on the thinnest of rationales: that Local 715's counsel, in its opinion, was not the proper representative of the Union. The Arbitrator informed the employer that if it decided not to participate in the hearing, he would conduct the hearing *ex parte* and issue a decision based on the evidence received. The employer chose to abandon the hearing. After receiving the evidence presented at the hearing, the Arbitrator found that the employer terminated the grievant without just cause in violation of the parties' Collective

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Bargaining Agreement.

Contrary to the employer's contentions, the Arbitrator's decision did not exceed his jurisdiction and his award draws from the essence of the parties' Collective Bargaining Agreement. The only issue that the Arbitrator decided was whether the employer terminated Mr. Acosta for just cause in violation of the parties' Collective Bargaining Agreement – exactly the issue that the employer stipulated to at the outset of the hearing. The Arbitrator expressly chose *not* to decide any issue of representation, which is a matter within the exclusive jurisdiction of the National Labor Relations Board. Nor is the Arbitrator's decision any less valid because he issued the decision *ex parte*. The Ninth Circuit Court of Appeals has specifically addressed the issue of *ex parte* awards, holding that default judgment awards issued *ex parte* are no less valid as result of one party's refusal to participate in the arbitration hearing. *Toyota of Berkeley v. Automobile Salesman's Union, Local No. 1095*, 834 F.2d 751, 754 (9th Cir. 1987), *cert. denied*, 486 U.S. 1043 (1988).

Accordingly, based on long-standing principles and deeply imbedded precedent favoring the arbitration of labor disputes and the Ninth Circuit's decision in *Toyota of Berkeley*, the Union's motion should be granted and the Arbitrator decision should be confirmed, together with an order for attorneys' fees.

### III. STATEMENT OF FACTS

During the relevant time periods, the Union and the employer were, and are currently, parties to a Collective Bargaining Agreement containing a grievance procedure, leading to final and binding arbitration. (Pet. to Confirm at ¶ 4, Exh. A.) Article 20 of the Collective Bargaining Agreement provides that the employer "may discharge or take other disciplinary action for just cause . . ." (*Id*. at ¶ 4, Exh. A, Art. 20, § 20.1.) In discipline cases, the employer bears the burden of proof under the parties Collective Bargaining Agreement. (*Id*. at Art. 26, § 26.7.15.) Additionally, Article 26.7.10 further states that "any issue properly before the arbitrator will be final and binding upon the Employer, the Union and all employees. The arbitrator's authority will be limited to determining whether the Employer has violated the provision(s) of this Agreement."

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

2
Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

1  (*Id*. at Art. 26, § 26.7.10.)

2  This particular arbitration involved the termination of Victor Acosta, a member of Local 715; the employer terminated Mr. Acosta, alleging that he engaged in an act of theft when obtained $20.00 worth of fried shrimp from the employer's café. (*Id*. at ¶ 8, Exh. B at p.3.) The employer participated in the selection of the Arbitrator, the date of arbitration, and the location of the arbitration. The Arbitration was held on November 28, 2007 at the law offices of Foley & Lardner, which are the offices of the employer's counsel. (*Id*. at ¶ 8, Exh. B at p. 8.) Laurence R. Arnold, one of the attorneys representing the employer in the instant matter, represented the employer at the arbitration hearing. (*Id*.) W. Daniel Boone, of Weinberg, Roger & Rosenfeld ("WRR") represented Local 715 at the hearing. (*Id*.)

After stipulating to joint exhibits, the parties stipulated that the matter was properly before the arbitrator for resolution, that all time limits and requirements to the contract with respect to the processing of the grievance and invocation of arbitration had been satisfied, and to the issue of the before the Arbitrator. (Decl. of Bruce A. Harland ("Harland Decl.") at ¶ 2, Exh. A.) The employer then objected to Mr. Boone's presence, and ultimately decided to abandon the hearing on the grounds that Mr. Boone was not a proper representative of Local 715. (*Id*. at ¶ 8, Exh. B, at pp. 9-10.)

Despite the Arbitrator's warning that the hearing would go forward, even in the employer's absence, the employer decided to walk out of the hearing and refused to participate. (*Id*. at p. 12.) After the employer walked out of the hearing, the arbitrator conducted an *ex parte* hearing, received evidence, and then issued a decision sustaining Local 715's grievance. (*Id*.) In reaching his decision, the Arbitrator considered the evidence supporting the employer's decision to discharge Mr. Acosta, and determined that the employer terminated Mr. Acosta without "just cause" under the Collective Bargaining Agreement. (*Id*. at pp. 17-18.) The arbitrator explicitly refused to decide any issue other than the issue that the parties stipulated to – that is, whether the employer terminated Mr. Acosta for just cause. (*Id*. at pp. 10, 17-18.) As the arbitrator noted,

> While I do not fully understand the Hospital's rationale for leaving the hearing, it is not necessary that I consider anything beyond what happened. The hearing was properly noticed; all parties were present; the grievance

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

3

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

> was stipulated to be free of defects; the parties stipulated I had jurisdiction to hear the matter; the Hospital had its witnesses available to testify on the merits; and based on a single procedural ruling, the Hospital opted to abandon the hearing.

(*Id*. at pp. 17-18.)

The Arbitrator sustained the Union's grievance, and ordered that the employer reinstate Mr. Acosta to his former position. (*Id.* at p. 19.) The Arbitrator also ordered that Mr. Acosta should be "made whole for all wages and benefits lost as result of the suspension and subsequent termination." (*Id*.) In addition, the Arbitrator ordered that "under the circumstances of this case the Grievant is entitled to interest on his lost wages, at the rate of 10%." (*Id*.)

It is undisputed that the employer refused, and continues to refuse, to abide by the Arbitrator's decision. Thus, on January 11, 2008, Local 715 filed the instant petition to confirm; the employer subsequently filed an answer and cross-petition to vacate the Arbitrator's award.

## IV. LEGAL ARGUMENT

Under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, a district court has jurisdiction to either vacate or enforce a labor arbitration award. *Gen. Drivers Warehousemen & Helpers, Local Union 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963). Generally, an arbitrator's award must be final and binding before a court can undertake judicial review of the award. *See id.*; *Millmen Local 550, United Bhd. of Carpenters v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987). A "final" award is one in which all of the issues are resolved by the Arbitrator. *See Millmen*, 828 F.2d at 1376.

In this case, there is no question that the Arbitrator's decision is a "final" award. For whatever strategic and tactical reason, the employer decided to abandon the arbitration hearing on November 28, 2007. The Arbitrator warned the employer that if it did not participate in the hearing, he would continue the hearing *ex parte* and issue a decision based on the evidence received at the hearing. (Pet. to Confirm at ¶ 8, Exh. B, at pp.11.) A default judgment award issued *ex parte* is no less valid as result of one party's refusal to participate in the arbitration hearing. *Toyota of Berkeley v. Automobile Salesman's Union, Local No. 1095*, 834 F.2d 751, 754 (9th Cir. 1987), *cert. denied*, 486 U.S. 1043 (1988). The employer decided not to participate,

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

4

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

presumably on the advice of or in consultation of counsel, and chose to abandon the hearing. As a result, the employer should be bound by its decision to abandon the hearing.

Furthermore, the employer's argument that the Arbitrator exceeded his jurisdiction or that his award did not draw its essence from the parties' Collective Bargaining Agreement is frivolous. The Arbitrator limited his decision to the issue stipulated to by both Local 715 *and* the employer. After receiving the evidence, the Arbitrator determined that the employer failed to meet its burden in establishing that it terminated Mr. Acosta for just cause. The Arbitrator did not decide any issue of representation – an issue that is squarely within the exclusive jurisdiction of the National Labor Relations Board.

Local 715's petition to confirm should be granted, and the employer's cross-petition should be denied, because the Arbitrator neither ignored the parties' Collective Bargaining Agreement nor exceeded his jurisdiction. The Arbitrator was mutually selected by the parties and given the task to determine whether or not the employer violated the Collective Bargaining Agreement; he established the contours of the dispute to be within the terms of Article 26; and he determined that the weight of the evidence demonstrated that the employer violated Section 26 of the Collective Bargaining Agreement. Accordingly, the Court should deny the employer's petition to vacate and grant the Union's cross-petition to confirm.

A.  **THE EMPLOYER'S ARGUMENT THAT THE AWARD SHOULD BE VACATED BECAUSE THE UNION ALLEGEDLEY DOES NOT EXIST OR LACKED STANDING TO PARTICPATE IN THE ARBITRATION IS FRIVOLOUS.**

While nothing more than a red herring, Local 715 nevertheless addresses the issue of its status and standing, since the employer raised the prospect of such an argument in its response to Local 715's petition to confirm. In the instant matter, throughout the grievance and arbitration process, the employer, through counsel, not only participated in the selection of the arbitrator, but also in the selection of the date and the location of the arbitration. In fact, only weeks before Mr. Acosta's arbitration, on October 3, 2007, the employer participated in an arbitration with Local 715, the same arbitrator, and the same law firm representing the Union without raising a single objection. (Decl. of Bruce W. Smith ("Smith Decl.") at ¶ 13, Exh. F.)

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

5

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

Even more troubling, given Rule 11 of Federal Rules of Civil Procedure, the employer admitted that Local 715 "is a labor organization representing employees in an industry affecting commerce within the territorial jurisdiction of this Court within the meaning of Section 301 [of the LMRA]" in an untimely petition to vacate filed on October 9, 2007 in a related case.[1] The Court should treat this factual allegation as an evidentiary admission. Moreover, it is axiomatic that in the collective bargaining process, which the grievance and arbitration procedure is an extension of, neither party can dictate who will be the representative of the other party.

### 1. The Employer Admits that Local 715 is a Labor Organization that Represents Employees in an Industry Affecting Commerce and Continues to Deal With Local 715 Over Terms and Conditions of Employment.

In a related, pending case, the employer alleges that Local 715 "is a labor organization representing employees in an industry affecting commerce within the territorial jurisdiction of this Court within the meaning of Section 301 [of the LMRA]." (*See Stanford Hosps. & Clinics, et al. v. SEIU, Local 715*, Case No. C-07-CV-05158-JF.) While the employer's factual assertion that the Local 715 "is a labor organization . . . within the meaning of Section 301," is not conclusively binding on the employer, it is admissible in this proceeding as an evidentiary admission. *See Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815, 829 (6th Cir. 2000). On the date that the employer's counsel signed the pleading, counsel for the employer certified that "the factual contentions ha[d] evidentiary support . . . ." *See* Fed.R.Civ.Proc. 11. At least as of October 9, 2007, the Court must presume, based on counsel's representation, the employer understood, believed, and could *prove* that Local 715 existed and represented members who were employed at Stanford Hospital and Clinics and Lucile Packard Children's Hospital. Otherwise counsel for the employer would have been in violation of Rule 11.

Indeed, the employer continues to deal with Local 715, as if Local 715 exists and represents employees at Stanford Hospital and Clinics and Lucile Packard Children's Hospital. The definition of a labor organization is rather broad. The National Labor Relations Act, 29 U.S.C. §

---

[1] Local 715 requests that the Court take judicial notice of the petition to vacate filed by Respondents in *Stanford Hosps. & Clinics, et al. v. SEIU, Local 715*, Case No. C-07-CV-05158-JF.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

6

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

152(5), defines a labor organization as "any organization of any kind . . . in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."

Local 715 clearly fits the definition of a labor organization. Employees at Stanford Hospital and Clinics and Lucile Packard Children's Hospital continue to participate in Local 715. (Smith Decl. at ¶¶ 16-17; Harland Decl. at ¶ 3, Exh. B.)  There are at least 25 Shop Stewards who continue to deal with the employer over terms and conditions of work, and participate in Labor Management Committee meetings on behalf of Local 715. (Smith Decl. at ¶ 16); Harland Decl. at ¶ 3, Exh. B.) Simply put, the issue raised by the employer as to the status and/or existence of Local 715 is a non-issue.

**2.    The Employer Waived the Issues It Could Have But Failed to Address to the Arbitrator.**

Even if the Court were to find that the employer is not bound by their evidentiary admission that Local 715 is a labor organization, the employer should be estopped from raising that issue now, because they never raised that issued to the Arbitrator. "Parties to arbitration proceedings cannot sit idle while an arbitration decision is rendered and then, if the decision is adverse, seek to attack the award collaterally on grounds not raised before the arbitrator." *United Steelworkers of Am. v. Smoke-Craft*, 652 F.2d 1356, 1360 (9th Cir. 1981); *see also Ficek v. So. Pacific Co.*, 338 F.2d 655, 657 (9th Cir. 1964) ("A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act"), *Int'l Chem. Workers Union v. Mobay Chem. Corp.*, 775 F. 2d 1107, 1112 (4th Cir. 1985), and *Marino v. Writers Guild of Am., East, Inc.*, 992 F. 2d 1480, 1484 (9th Cir. 1993). Similarly, in the instant case, the employer failed to raise any objection or issue related to Local 715's existence. The reason that the employer walked out was because it questioned whether or not Mr. Boone was the proper representative of Local 715, not whether Local 715 existed.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

7
Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

### 3. The Union Has A Right to Designate Whomever They Wish to Represent Them in the Collective Bargaining Process.

It is fundamental to the collective bargaining process that either party may designate who represents them. *See Gen. Elec. Co. v. NLRB*, 412 F.2d 512, 520 (2nd Cir. 1969) (finding that the employer engaged in an unfair labor practice when it refused to negotiate with Union designees); *Caribe Steel Co.*, 313 N.L.R.B. 877, 892 (1994) (same); *Am. Radiator and Standard Sanitary Corp.*, 155 N.L.R.B. 736 (same), *enforcement denied on other grounds*, 381 F.2d 632 (6th Cir. 1967); *Standard Oil Co.*, 137 N.L.R.B. 690 (1962) (holding that Union had the right to invite in others to the bargaining table even though they were members of other Unions at other plants of the employer), *aff'd*, 322 F.2d 40 (6th Cir. 1963).

In other words, the Union can designate whomever they choose to represent them in the collective bargaining process. If the Union seeks to be represented by a lawyer, a member of the Union, a Union official, or anyone else they choose, that is the Union's prerogative. Similarly, the employer is free to select their representive. Neither party has a right to dictate who the other representative or designee must be. *See* 29 U.S.C. § 157 ("Employees shall have the right . . . to bargain collectively through representatives of their own choosing.")

In the present case, Local 715 clearly decided to have WRR represent it in arbitration proceedings, which is an extension of the collective bargaining process. When Mr. Boone made his appearance, he stated that he was appearing on behalf of Local 715. (Harland Decl. at ¶ 2, Exh. A.) Just weeks before the arbitration, WRR had represented Local 715 at an arbitration and the employer did not object. Moreover, Mr. Smith, the Trustee of Local 715, unequivocally has stated that WRR is authorized to represent Local 715 in arbitrations. (Smith Decl. at ¶ 16, Exh. G.) While the employer's objection to Mr. Boone's presence may have been a vehicle to delay the inevitable, it is not a proper reason to either refuse to participate in an arbitration hearing or grounds to vacate the Arbitrator's award.

## B. REVIEW OF AN ARBITRATION DECISION ARISING FROM A COLLECTIVE BARGAINING AGREEMENT IS EXTREMELY LIMITED.

Due to the unique nature of the collective bargaining process, the United States Supreme

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

8

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

Court has repeatedly emphasized an extremely limited review of labor arbitration awards, first articulating this narrow approach in the *Steelworkers Trilogy*.[2]  As the Supreme Court has repeatedly stated:

> The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements.  The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards.

*USWA v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596 (1960).  The Court reaffirmed this exceptionally deferential review in *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987), noting that the

> reasons for insulating arbitral decisions from judicial review are grounded in the federal statutes regulating labor-management relations.  These statutes reflect a decided preference for private settlement of labor disputes without the intervention of government.

484 U.S. at 37; *see also Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 504, 509 (2001) ("Judicial review of a labor-arbitration decision pursuant to such an agreement is very limited.").

Likewise, the Ninth Circuit Court of Appeals has adhered to this deferential approach in reviewing arbitration awards.  In *Stead Motors of Walnut Creek v. Automotive Machinists Lodge, No. 1173*, 886 F.2d 1200 (9th Cir. 1989) (en banc), *cert. denied*, 495 U.S. 946 (1990), the Court "reemphasize[d] the unique character of an arbitrator's function and the *nearly unparalleled degree of deference* we afford his decisions. . . .  Deference is the rule; rare indeed is the exception." 886 F.2d at 1205, 1209 (emphasis added); *see also Hawaii Teamsters Local 996 v. UPS*, 241 F.3d 1177, 1182 (9th Cir. 2001) (emphasizing that an arbitrator "cannot 'misinterpret' a collective bargaining agreement.").  Just recently, the Ninth Circuit reaffirmed these principles in *Virginia Mason Hosp. v. Washington State Nurses Ass'n*, 511 F.3d 908 (9th Cir. 2007), where it noted that an arbitrator and his decision "is entitled to considerable deference."

There are limited exceptions to the general rule that deference must be given to an arbitrator's decision, and none of these exceptions apply to the present case.  Pursuant to well-

---

[2]  *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

9
Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

established case law, the employer faces a weighty burden in moving to vacate the arbitration award. Accordingly, the Court should deny the employer's cross-petition to vacate, and grant the Local 715's petition to confirm.

### C. THE ARBITRATOR'S DECISION DRAWS ITS ESSENCE FROM THE CBA.

In order to determine whether an arbitrator's award draws its essence from the parties' CBA, courts look to whether the arbitrator's award is based on language in the CBA. *SFIC Props. v. Int'l Assoc. of Machinists & Aerospace Workers, Dist. Lodge 94*, 103 F.3d 923, 925 (9th Cir. 1996); *see also Stead Motors*, 886 F.2d at 1205 fn.6 ("This term [fails to draw its essence] is reserved for those egregious cases in which a court determines that the arbitrator's award ignored the plain language of the contract, that he 'manifestly disregarded' the contours of the bargain expressed in outline by the collective bargaining agreement.").

In the present matter, the employer hopes that the Court will reconsider the merits of this matter. Yet the test is not whether the Arbitrator was wrong – because, of course, the employer believes he was wrong – but whether his decision was based on the parties' CBA. *See SFIC Props.*, 103 F.3d at 925; *Van Walters & Rogers, Inc. v. IBT*, 56 F.3d 1132, 1136 (9th Cir. 1995) (holding that an arbitration award must be confirmed, "[a]s long as the arbitrator is arguably construing or applying the contract and acting within the scope of his authority").

The Court is not empowered to second-guess the Arbitrator, or substitute its opinion for the Arbitrator's opinion. *See Enterprise Wheel*, 363 U.S. 593 at 599 ("It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."). Where a party attacks that plausibility of an arbitrator's interpretation of the contract, the court's review "'does not represent an independent avenue for a merits-based attack on the arbitral award' but is simply 'another way of formulating . . . . that the arbitrator must not derive the award from the essence of the contract and may not "'dispense his own brand of industrial justice.'" *Virginia Mason Hosp.*, 511 F.3d at 914.

Contrary to the employer's assertions in this matter, the Arbitrator's decision draws its

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

10
Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

essence directly from the parties' CBA. Under the parties' Collective Bargaining Agreement, the employer could terminate Mr. Acosta for "just cause." (*Id.* at ¶ 4, Exh. A, Art. 20, § 20.1.) The parties' agreement provides that in discipline cases, the employer bears the burden of proof. (*Id.* at Art. 26, § 26.7.15.) The employer chose to abandon the hearing, and refuse to present any evidence, other the joint exhibits that had been offered at the beginning of the hearing. Taking into consideration the evidence (or lack of evidence), the Arbitrator applied the just cause standard of the parties' Collective Bargaining Agreement and determined that the employer failed to meet his burden. The Arbitrator decided only the contractual issue, and explicitly refrained from deciding any issue of representation.

The employer decided to walk out of the hearing. The employer must now face the consequences of that decision. The legal authority in the Ninth Circuit is quite clear that a default judgment award issued *ex parte* is no less valid as result of one party's refusal to participate in the arbitration hearing. *Toyota of Berkeley v. Automobile Salesman's Union, Local No. 1095*, 834 F.2d 751, 754 (9th Cir. 1987), *cert. denied*, 486 U.S. 1043 (1988). Accordingly, the Court should confirm the Arbitrator's award.

### D. THE ARBITRATOR DID NOT EXCEED HIS JURISDICTION AND HIS REMEDY IS ENTITLED TO SPECIAL DEFERENCE.

The employer also contends that the Arbitrator exceeded his jurisdiction. This claim is completely without merit. The Supreme Court has repeatedly held that parties, having chosen the arbitrator to hear the merits of their case, are bound by the arbitrator's decision. *See Misco*, 484 U.S. at 39; *Enterprise Wheel*, 363 U.S. at 599. The parties stipulated to the issue in the case as well as to stipulating to the fact that the grievance was properly before the Arbitrator. (Harland Decl. at ¶ 2, Exh. A.) As the Arbitrator noted in his decision, his focus was solely on the contract violation, and he did not think it was either necessary "or appropriate to look behind the assertions of the Union's representatives that they appeared on behalf of Local 715. *Since the Hospital's representation theory was not before me, there was no reason to conduct such an inquiry . . . ."* (Pet. to Confirm at ¶ 8, Exh. B at p. 10, fn.9 (emphasis added).) Clearly, the Arbitrator passed on the issue raised by the employer regarding whether or not Mr. Boone was a proper representative

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

11

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

of Local 715; he focused on the contractual issue that the parties had stipulated to at the beginning of the hearing – that is, whether the employer terminated Victor Acosta for just cause; and if not, then what is the appropriate remedy?

Moreover, the Arbitrator's remedy is due special deference. *Enterprise Wheel*, 363 U.S. at 597; *Desert Palace v. Local Joint Exec. Bd. of Las Vegas*, 679 F.2d 789 (9th Cir. 1982) ("As long as a plausible solution is available within the general framework of the agreement, the arbitrator has the authority to decide what the parties would have agreed on had they foreseen the particular item in dispute.") As such, Local 715's petition to confirm should be granted, the employer's cross-petition to vacate should be denied.

E. **THE UNION IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES.**

Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, does not specifically provide for an award of attorneys' fees, and the Ninth Circuit has found no statutory basis for such an award. *See*, *e.g.*, *Seattle Times Co. v. Seattle Mailer's Union No. 32*, 664 F.2d 1366, 1370 (9th Cir. 1982). Despite Section 301's silence, the Ninth Circuit and the Supreme Court have held that "section 301 allows courts to fashion remedies even though lacking in express statutory sanction and that "[t]he range of judicial inventiveness] under section 301 will be determined by the nature of the problem." *Rozay's Transfer v. Local Freight Drivers, Local 208*, 850 F.2d 1321, 1335 (9th Cir. 1988) (quoting *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456-57 (1957)). Such remedies may include attorneys' fees. When the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," attorneys' fees may be awarded. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259, 95 S. Ct. 1612, 1622, 44 L. Ed. 2d 141 (1975).

The Ninth Circuit has held that "an unjustified refusal to abide by an arbitrator's award may equate [with] an act taken in bad faith, vexatiously or for oppressive reasons." *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). Arbitration is a fundamental foundation for stable national labor relations policy, and advances the effective resolution of disputes and the furthering of industrial stabilization. This goal is

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

12
Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF

undermined when arbitration becomes a mere prelude to litigation. Therefore, "the deterrence aspect of an award of attorneys' fees is particularly served where a party, without justification, refuses to abide by an arbitration award." *Id.* at 428.

Here, the employer's arguments are unmeritorious, flying in the face of well-settled law. The employer's challenge to the arbitration award deprives the Union of the finality of the arbitration process. The failure of a party unhappy with a decision to challenge it on valid grounds, thus forcing the other party to undertake the time consuming and burdensome expense of an enforcement action, are factors in determining bad faith. *See Courier-Citizen Co. v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 282 (1st Cir. 1983) (endorsing attorneys' fees award "when a party 'without justification' contests an enforceable award"); *USWA v. U.S. Gypsum Co.*, 492 F.2d 713, 724 (5th Cir. 1974) ("The district court has the authority to award attorneys' fees where it determines that a party has without justification refused to abide by an award of an arbitrator.").

An award of attorneys' fees in this case is both necessary and appropriate to compensate the Union "for the added expense of having to vindicate clearly established rights in court" and to deter the employer from engaging in such tactics. *See Western Indus.*, 707 F.2d at 428.

## V. CONCLUSION

For all of the forgoing reasons the Union respectfully requests that the Court grant its motion to confirm an order and award of attorneys' fees.

Dated: July 18, 2008

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation

        By:  */s/* BRUCE A. HARLAND
             WILLIAM A. SOKOL
             W. DANIEL BOONE
             BRUCE A. HARLAND
             Attorneys for Petitioner
             SEIU, Local 715

117985/500156

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

13

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. 5:08-CV-00213-JF